### DAVIS v. COMMISSIONER OF INTER- NAL REVENUE.

### MILLER v. SAME.

### KRAUS v. SAME.
#### Nos. 6842–6844.

Circuit Court of Appeals, Sixth Circuit. Jan. 10, 1936.

Fred A. Behr and John R. Watkins, both of Detroit, Mich. (Frank W. Coolidge, of Detroit, Mich., on the brief), for petitioners.

W. F. Wattles, of Washington, D. C. (Frank J. Wideman, Sewall Key, Norman D. Keller, and E. W. Pavenstedt, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Hugo Scherer was the owner of the Hugo Scherer Land Company, the Detroit Forging Company and the St. Clair-Athol Rubber Company. Petitioners were employees of the Scherer Company. In November of 1923 Scherer died, leaving a will in which he devised all of his property to his wife and two daughters. About four months later his wife and daughters made a contract with petitioners by which the petitioners agreed to organize a new corporation, Davis, Kraus & Miller, Inc., with an authorized capital stock, half 6 per cent. cumulative preferred and half common, equal in capital value to the value of the net assets of the Scherer Company, the wife and daughters agreeing, in consideration of the issue to them of all the stock, to convey to the corporation the assets of the Scherer Company, and then to transfer to the petitioners the common capital stock. The agreement was promptly carried out and the common stock of the new corporation assigned to the petitioners in equal parts. Each of the petitioners treated this stock, in his income tax return for the year 1924, as a gift. The respondent was of opinion that its value as of the date received was income and made deficiency assessments, which the Board of Tax Appeals sustained.

The question presented to us is whether there is evidence in the record to support the finding of the board that the stock was income within the meaning of the Revenue Act of 1924, c. 234, 43 Stat. 253, 267, § 213 (a), 26 U.S.C.A. § 954 (a). It is not contended that the facts found by the board are lacking in evidentiary support, but that they show gifts not taxable under the applicable act. In our opinion they are sufficient to justify the board's conclusion that the stock was transferred to the petitioners to compensate them for past and future services, and that is true, we think, though there was no legal obligation on the part of the wife and daughters to pay for past services or to make the transfers. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Noel v. Parrott, 15 F.(2d) 669 (C.C.A.4); Bass v. Hawley, 62 F.(2d) 721 (C.C.A.5); Levey v. Helvering, 62 App.D.C. 354, 68 F.(2d) 401; United States v. McCormick, 67 F.(2d) 867 (C.C.A.2); Fisher v. Commissioner, 59 F.(2d) 192 (C.C.A.2).

Each of the petitioners had been a valuable employee and active in the management of the Scherer Company for many years. At one time or another each had contemplated severing his connection with the company and entering some other business but had been led by Scherer to believe that he would be compensated beyond his salary if he remained with the company. Each remained until after Scherer's death. The agreement with the wife and daughters stated that the common stock of the new company would be given to the petitioners "in full settlement and adjustment of any and all claims." It also provided that the petitioners should be the officers of the new company, and they agreed to devote their entire time to its business. They further agreed that the new company would act as sales agent for the Detroit Forging Company and the St. Clair-Athol Rubber Company, which were owned by the wife and daughters. It is clear from these provisions in the contract that the wife and daughters had faith in the ability and integrity of the petitioners, and wishing to protect their own interests in the new company decided to place the control and management of it in the petitioner's hands by giving them the common stock. The profitable operation of the Detroit Forging Company and the St. Clair-Athol Rubber Company also depended on the efficient management of the new company. The benefits which the wife and daughters thus expected to receive, together with the past services of the petitioners, for which they were no doubt grateful, constituted ample consideration for the transfer of the stock.

The orders of the Board of Tax Appeals are affirmed.