T. H. Gillespie v. Commissioner.
T. H. Gillespie v. Commissioner
Docket No. 15190.
United States Tax Court
1948 Tax Ct. Memo LEXIS 64; 7 T.C.M. (CCH) 776; T.C.M. (RIA) 48217; October 21, 1948
*64 Held, that a certain payment was a gift exempt from income taxation and not compensation for services rendered. Bert P. Newton, 11 T.C. No. 62, followed. William F. Knox, Esq., Oliver Bldg., Pittsburgh, Pa., and John F. Tim, Esq., Berger Bldg., Pittsburgh, Pa., for the petitioner. A. W. Dickinson, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $9,261.69 in the petitioner's income and victory tax for the year 1943. The sole question presented is whether or not a certain payment of $18,000 made to petitioner by Standard Car Finance Corporation constituted taxable income or was a gift. Findings of Fact The following facts were stipulated: The petitioner resides at Fairfax Apartments, 4614 Fifth Avenue, Pittsburgh, Pennsylvania. His income tax returns for the calendar years 1942 and 1943 were filed with the collector of internal revenue at Pittsburgh. The taxes in controversy are income and victory taxes for the calendar year 1943 and the sum of $9,261.69 is in dispute. The notice of deficiency was mailed to the petitioner on May 13, 1947, and asserts *65 a deficiency of $9,261.69. On October 30, 1942, Standard Car Finance Corporation, a Delaware corporation, paid to petitioner the sum of $18,000. Petitioner, in his income tax return for the calendar year 1942, disclosed the receipt of such amount but did not include it in his taxable income. In determining the aforesaid deficiency respondent included in the taxable income of petitioner for the calendar year 1942 the aforesaid sum of $18,000, stating in his notice of deficiency in respect of this item "It is determined that the amount of $18,000.00 received by you in 1942 from Standard Car Finance Corporation constitutes taxable income to you in that year." For about 27 years prior to March 1, 1930, petitioner was employed by Standard Steel Car Company, a Pennsylvania corporation. He was treasurer of such company from 1905 on and, during the period from January 1, 1924, to March 1, 1930, received a salary from this company of $2,000 per month. The Standard Steel Car Company was organized in 1902; was engaged principally in the manufacture of railroad cars and had outstanding on March 1, 1930, 280,000 shares of capital stock of the par value of $100 per share. On or about February 7, 1930, certain *66 non-manufacturing assets of Standard Steel Car Company, including 1,000 shares of the capital stock of its wholly owned subsidiary, Standard Car Finance Corporation, a Delaware corporation organized in 1927, were transferred to Standard Car Securities Company, a Delaware corporation organized on January 24, 1930, for the purpose of receiving the assets, so that they might be liquidated in an orderly manner. Standard Steel Car Company received from Standard Car Securities Company in exchange for the assets 280,000 shares of the capital stock of Standard Car Securities Company of a par value of $1 per share, which stock was distributed by Standard Steel Car Company pro rata to its stockholders. The foregoing transfer of assets by Standard Steel Car Company was made pursuant to a written offer made by Standard Steel Car Company to Standard Car Securities Company dated January 28, 1930, and accepted by Standard Car Securities Company on January 29, 1930, whereby Standard Steel Car Company offered to transfer and assign the property described in the schedule attached thereto in exchange for 280,000 shares of Standard Car Securities Company stock, subject to the indebtedness, liabilities, *67 and obligations of Standard Steel Car Company set forth in the schedule. The total assets shown in the schedule amounted to $23,369,773.82 and the total liabilities to be assumed were shown in the schedule at an estimated amount of $1,495,438.27. Under the heading in the schedule "Liabilities to be assumed," the following item appears under subheading "General": Liability of Standard Steel Car Com-
pany and any of its Liquidating Sub-
sidiary Corporations for pensions to
employees, including Life Members
and Definite Period Members (esti-
mated)
$350,000
Standard Steel Car Company never adopted any pension plan for its employees or the employees of its subsidiaries and had not, prior to February 5, 1930, set up any reserve for pensions. It had prior to that time paid monthly pensions to certain of its retired employees, the amount so paid in 1929 amounting to $42,159.04, which was charged against an account entitled "Reserve for Federal Taxes and Contingencies." On February 5, 1930, prior to the transfer of assets to Standard Car Securities Company above mentioned, Standard Steel Car Company set up on its books a reserve for pensions in the amount of $350,000. *68 After the transfer of assets Standard Car Securities Company set up on its books a reserve for pensions in the amount of $350,000 and, pursuant to action by its board of directors, continued to pay the monthly pensions instituted by Standard Steel Car Company and other monthly pensions to certain former employees of Standard Steel Car Company or its subsidiaries, all of which were charged to the reserve for pensions. On or about March 1, 1930, substantially all of the remaining assets of Standard Steel Car Company, pursuant to a plan of reorganization between the corporation and Pullman Incorporated, a Delaware corporation, were transferred to Standard Steel Car Corporation, a Pennsylvania corporation wholly owned by Pullman Incorporated and organized by it for the purpose of receiving the assets. Standard Steel Car Company ceased to do business on March 1, 1930, and distributed to its stockholders in 1930 and 1931, in complete liquidation and upon surrender of their stock, 560,000 shares of Pullman Incorporated capital stock and approximately $6,000,000 in cash received from Pullman Incorporated in exchange for the assets transferred as aforesaid. After the consummation of the plan *69 of reorganization, Pullman Incorporated had outstanding 3,873,973 shares of capital stock. In December 1933, certain of the assets of Standard Car Securities Company were transferred by it to Standcar Securities Corporation, a Delaware corporation organized on December 18, 1933, for the purpose of receiving and liquidating the assets, in exchange for 280,000 shares of the capital stock of Standcar Securities Corporation of the par value of $1 per share. The shares of stock and all the remaining assets of Standard Car Securities Company were thereupon distributed to stockholders of Standard Car Securities Company in complete liquidation and Standard Car Securities Company was thereupon dissolved in January 1934. The stock of Standcar Securities Corporation was distributed pro rata to the stockholders of Standard Car Securities Company. The foregoing transfer of assets by Standard Car Securities Company was made pursuant to a written offer made by Standcar Securities Corporation dated December 18, 1933, and accepted by Standard Car Securities Company on the same day, whereby Standard Car Securities Company offered to transfer and assign the property described in the schedule attached *70 thereto in exchange for 280,000 shares of Standcar Securities Corporation capital stock, subject to the indebtedness, liabilities, and obligations of Standard Car Securities Company set forth in the schedule. The schedule showed total assets to be transferred of $14,081,239.93 and total liabilities to be assumed (estimated) of $1,613,216.88. Under the heading in the schedule "Liabilities to be assumed," the following item appears: Liability of Standard Car Securities
Company for Pensions (estimated)
$ 168,601
Liability of Standard Car Securities
Company for Pension Fund (esti-
mated)
$1,000,000
Following its organization, Standcar Securities Corporation set up on its books a reserve for pensions in the amount of $168,601 and also a reserve for pension fund in the amount of $1,000,000 and up to February 5, 1935, Standcar Securities Corporation, pursuant to action by its board of directors, continued to pay the monthly pensions theretofore authorized and also paid other monthly pensions to certain former employees of Standard Steel Car Company or its subsidiaries; all of such payments being charged to the reserve for pensions. The reserve for pensions and gratuities *71 of Standard Car Finance Corporation, hereafter referred to, was derived from a reserve for pensions and gratuities created by the stockholders of Standcar Securities Corporation under the following resolution adopted at a meeting of the stockholders on February 4, 1935: "The President, Mr. Drake, brought up for discussion the matter of the reserve for a pension fund, the reserve for pensions and the reserve for contingencies of the corporation, and suggested that the stockholders take action in respect thereto to the end that the said three reserves be consolidated into one reserve and that the purpose thereof be stated and defined. After a full discussion, upon motion, duly seconded, the following resolution was unanimously adopted: "'WHEREAS, at or about the time of the reorganization between Standard Steel Car Company, a corporation of Pennsylvania, and Pullman Incorporated, a corporation of Delaware, in 1930, there was incorporated and organized under the laws of Delaware the Standard Car Securities Company which acquired all the assets of Standard Steel Car Company that were not acquired by Pullman Incorporated and which assumed all of the liabilities of Standard Steel Car *72 Company that were not assumed by Pullman Incorporated, and "'WHEREAS, each stockholder of Standard Steel Car Company received one share of stock of said Standard Car Securities Company for each one share of Standard Steel Car Company held, and "'WHEREAS, Standard Car Securities Company was incorporated and formed so that the assets of Standard Steel Car Company not taken over by Pullman Incorporated might be liquidated and its liabilities not assumed by Pullman Incorporated might be paid in an orderly manner and also so that a provision for pensions and gratuities for former employees of Standard Steel Car Company and its subsidiary companies might be made, and that the remainder of said assets when liquidated might be distributed to its stockholders, and "'WHEREAS, in December of 1933, Standard Car Securities Company distributed to its stockholders in cash and in stocks a large portion of its assets and then merged as to its remaining assets and unpaid liabilities with this corporation, Standcar Securities Corporation, that had been incorporated under the laws of Delaware, and "'WHEREAS, said Standard Car Securities Company had set up on its books a reserve for a Pension Fund *73 in the amount or $2,000,000 and had then by due corporate action reduced the amount thereof to $1,000,000, which amount was assumed by this corporation, and "'WHEREAS, said Standard Car Securities Company had set up on its books a reserve for pensions which at the time this corporation acquired the assets and assumed the liabilities of that company was $168,601.00, which reserve in that amount was assumed by this corporation, and "'WHEREAS, said Standard Car Securities Company had set up on its books a reserve for contingencies which at the time this corporation acquired the assets and assumed the liabilities of that company was $251,704.13, which reserve in that amount was assumed by this corporation, and "'WHEREAS, certain pension payments have been made by authority of the Board of Directors of this corporation out of said $168,601.00 reserve for pensions and there is now remaining therein the amount of $122,303.20, and "'WHEREAS, certain payments have been made by the authority of the Board of Directors of this corporation out of said $251,704.13 reserve for contingencies and there is now remaining therein the amount of $226,644.27, "'IT IS NOW RESOLVED: "'(1) That *74 the action of the officers and directors of this corporation in assuming said reserves and setting up the same on the books of this corporation to provide for pensions and gratuities for the benefit of former employees and Standard Steel Car Company and its subsidiary companies and/or contingencies be and the same is hereby ratified and approved. "'(2) That such payments of, or in the nature of, a pension or a gratuity that have heretofore been made by this corporation to former employees of Standard Steel Car Company and its subsidiary companies and charged to said reserves be and the same are hereby ratified and approved. "'(3) That there be set upon the books of this corporation as of January 31, 1935, a reserve for Pensions and Gratuities in the amount of $1,250,000.00 to be made up by the transfer of (a) said $1,000,000.00 from said "reserve for pension fund," (b) said $122,303.20 from said "reserve for pensions," and (c) $127,696.80 from the said $226,644.27 "reserve for contingencies." "'(4) That the reserve for Pensions and Gratuities shall not be increased beyond said amount of $1,250,000.00 without the authorization of the stockholders of this corporation and that all *75 future payments of, or in the nature of, pensions and/or gratuities and any and all payments that may be made for the purpose of providing insurance for any pensions and/or gratuities shall be charged against said reserve only and shall not exceed in their total amount the said $1,250,000.00. "'(5) That the Board of Directors of this corporation be and are hereby authorized, in their sole discretion, but within the limitations as to total amount hereinbefore imposed, to continue such pension and/or gratuitous allowances as they have heretofore made to grant other and further pensions and/or gratuitous allowances to or for the benefit of former employees of Standard Steel Car Company and its subsidiary companies, and/or to purchase provision for all or any part of such pensions and/or gratuitous allowances through insurance or through participation in and with a pension plan of some other corporation'." At no time did the reserve for contingencies, referred to in the above quoted resolution, have anything to do with pensions but there were charged to this reserve certain terminal pay payments to former employees of Standard Steel Car Company or its subsidiaries, designated as retirement *76 allowances. The following resolution was adopted at a meeting of the board of directors of Standcar Securities Corporation held on April 18, 1935: "RESOLVED, that the President of this corporation be and is hereby authorized to grant such gratuitous single payment allowances to former employees of Standard Steel Car Company and its subsidiaries who had a minimum service of ten years with that Company or its subsidiaries as to him may seem fitting and proper, but within the limitation of the following schedule, based on years of service to Standard Steel Car Company or its subsidiaries or successor companies, previous to January 1st, 1935. Under 10 years of employment
nothing
10 to 15 years of employment
equivalent of 2
months' salary
15 to 20 years of employment
equivalent of 4
months' salary
20 to 25 years of employment
equivalent of 6
months' salary
25 to 30 years of employment
equivalent of 9
months' salary, and the Treasurer of this corporation is hereby authorized to make such payments upon the written instructions of the President." In August 1939, Standcar Securities Corporation transferred to its wholly owned subsidiary, Standard *77 Car Finance Corporation, having a capital stock consisting of 1,000 shares of the par value of $100 per share, all of its assets excepting its cash on hand in excess of the amount in the reserve mentioned in the next paragraph, the 1,000 shares of Standard Car Finance Corporation capital stock, and certain claims against the United States Government, and Standcar Securities Corporation was thereupon liquidated and dissolved in September 1939. In pursuance of the liquidation of Standcar Securities Corporation, its stockholders received for each share of the stock in the corporation 1/280th of a share of capital stock of Standard Car Finance Corporation. There was included in the assets so transferred by Standcar Securities Corporation to Standard Car Finance Corporation the balance in the reserve for pensions and gratuities created by the stockholders of Standcar Securities Corporation on February 4, 1935, under the resolution above set forth. The terms of the transfer of said assets are set forth in a letter dated July 25, 1939, from Standcar Securities Corporation to Standard Car Finance Corporation, which letter, in so far as it relates to the reserve for pensions and gratuities, *78 reads as follows: "We offer to transfer to you this corporation's Reserve for Pensions and Gratuities Fund, which as of May 31st, 1939, was in the amount of $1,014,698.15, in whatever amount the same may be at the date of transfer, which fund was originally set up at $1,250,000.00 under and by virtue of a resolution of the stockholders of this corporation adopted at their meeting held February 4th, 1935 'to continue such pensions and/or gratuitous allowances as they (the Board of Directors of this Corporation) have heretofore made, to grant other and further pensions and/or gratuitous allowances to or for the benefit of former employees of Standard Steel Car Company and its subsidiary companies, and/or to purchase provision for all or any part of such pensions and/or gratuitous allowances through insurance or through participation in and with a pension plan of some other Corporation,' subject to the following conditions: "'(a) That you set up on your books of account a Reserve for Pensions and Gratuities in the amount of said fund as transferred to you. That the future interest earnings of the funds in such reserve be transferred, from time to time as earned, to the general funds *79 of your corporation so that such earnings shall not go to increase the Reserve for Pensions and Gratuities. "'(b) That you adopt as a plan for gratuitous allowances substantially the plan adopted by the Board of Directors of this corporation at a meeting thereof held April 18th, 1935, and that the President of your corporation, by your acceptance of this offer, be "authorized to grant such gratuitous single payment allowances to former employees of Standard Steel Car Company and its subsidiaries who had minimum service of ten years with that company or its subsidiaries as to him may seem fitting and proper, but within the limitation of the following schedule, based on years of service to Standard Steel Car Company or its subsidiaries or successor companies, previous to January 1st, 1935. Under 10 years of employment
nothing
10 to 15 years of employment
equivalent to 2
months' salary
15 to 20 years of employment
equivalent of 4
months' salary
20 to 25 years of employment
equivalent of 6
months' salary
25 to 30 years of employment
equivalent of 9
months' salary and that the Treasurer" of your corporation be likewise "authorized to make such payments *80 upon the written instructions of the President" of your corporation. "'(c) That any gratuitous allowances that do not come within said schedule be made only by authority of the Board of Directors of your corporation. "'(d) That any allowances of pensions be made only by the authority of the Board of Directors of your corporation. "'(e) That you continue the payment of all pensions that have heretofore been granted by this corporation. "'Subject, however, to the right which is hereby granted to your Board of Directors, at any time or times and in any particular or particulars, to alter, amend, change or discontinue the foregoing schedule for gratuitous allowances, to change the amount of or to discontinue any pension which has heretofore been granted by this corporation or which may hereafter be granted by your Board, and, at any time, to discontinue the entire plan for pensions and/or gratuitous allowances and to return to or place in your surplus account any unexpended balance that may then be remaining in said Reserve for Pensions and/or Gratuities, it being the intent and purpose hereof to place your Board of Directors in the same position in respect of and in relation to *81 said Reserve as the Board of Directors of this corporation is now'." After the adoption on February 4, 1935, by the stockholders of Standcar Securities Corporation of the resolution above quoted, Standcar Securities Corporation and its successor, Standard Car Finance Corporation, continued to pay certain monthly pensions, theretofore authorized by the board of directors of Standcar Securities Corporation or by the board of directors of its predecessor, Standard Car Securities Company, to certain former employees of Standard Steel Car Company or its subsidiaries and after the adoption of such resolution Standcar Securities Corporation and its successor, Standard Car Finance Corporation, granted and paid monthly pensions to other former employees of Standard Steel Car Company or its subsidiaries authorized by the board of directors of Standcar Securities Corporation or by the board of directors of its successor, Standard Car Finance Corporation. All of the payments were charged to the reserve for pensions and gratuities. All such monthly pensions were terminated by the action of the board of directors of Standard Car Finance Corporation hereinafter mentioned at its meeting on October 16, 1942. *82 After the adoption on April 18, 1935, of the resolution of the board of directors of Standcar Securities Corporation above quoted, and prior to October 30, 1942, Standcar Securities Corporation and its successor, Standard Car Finance Corporation, paid certain single payment allowances to certain former employees of Standard Steel Car Company or its subsidiaries pursuant to the resolution and charged the payments to the reserve for pensions and gratuities established by the aforesaid stockholders' resolution of February 4, 1935. In the minutes of the meeting of the board of directors of Standard Car Finance Corporation held October 16, 1942, the following statement and resolution appear: "The President stated that this meeting had been called particularly to consider and probably take action on the matter of the distribution and final disposition of the corporation's Reserve for Pensions and Gratuities; that at the April 13, 1942, meeting of the Board, Mr. Bierman and Mr. Gillespie had been requested to make a study and submit lists for gratuitous lump sum payments to be made in lieu of pensions theretofore granted and for other gratuitous payments to former employees of Standard *83 Steel Car Company or its subsidiaries and that at an informal meeting of the Board held May 11, 1942, a preliminary report had been made by them. The President requested Messrs. Bierman and Gillespie to submit their final report on the matter. "Mr. Gillespie stated that he and Mr. Bierman had gone over the matter carefully and had prepared two lists, one of lump sum payments to be made in lieu of pensions that had been granted and the other of other gratuitous allowances or payments and submitted said lists to the Board. "After full discussion, upon motion duly made, seconded and unanimously carried, the following resolution was adopted: "'RESOLVED that the Treasurer of this corporation be and is hereby authorized and directed "'(a) to pay, as of October 30, 1942, out of this corporation's Reserve for Pensions and Gratuities, to the following former employees, and/or their widows, of Standard Steel Car Company and/or its subsidiaries the amounts set opposite their respective names as gratuitous allowances or gifts: (here follows a list of 117 names with amounts ranging from $260.00 to $27,000.00 set opposite their respective names, including the amount of $18,000 opposite the *84 name of T. H. Gillespie, petitioner, the aggregate of said amounts being $249,995). "'(b) to pay, as of October 30, 1942, out of this corporation's Reserve for Pensions and Gratuities, to the following former employees, or their widows and if there be no widow then to the executor or administrator, of Standard Steel Car Company and/or its subsidiaries to whom pensions have been heretofore granted by this corporation the amounts set opposite their respective names as gratuitous allowances or gifts in lieu of such pension payments after October 31, 1942: (here follows a list of 28 names with amounts ranging from $2,000.00 to $20,000.00 set opposite their respective names, the aggregate of said amounts being $223,000); "'(c) to transfer to this corporation's paid in surplus account the balance, approximately $353,274.23, that will be in said Reserve for Pensions and Gratuities after making the payments hereinabove provided for'." The amount of $18,000 paid to petitioner, pursuant to the foregoing resolution, was equal to nine months' salary at the rate paid to him at the time of the termination of his employment by Standard Steel Car Company. At the meeting of the board of directors *85 held on October 16, 1942, a plan of liquidation of Standard Car Finance Corporation was adopted, which plan was also adopted by the stockholders of the corporation at their special meeting held on December 3, 1942. The plan of liquidation reads as follows: "Plan of Liquidation of Standard Car Finance Corporation "As soon as practically possible, Standard Car Finance Corporation, a corporation organized under the laws of the State of Delaware, hereinafter called the Corporation, shall be fully liquidated, its affairs wound up, and all its property, remaining after the payment of debts and liabilities, shall be distributed to its stockholders, equally and ratably, in complete liquidation, cancellation, redemption, and retirement of their stock in the Corporation. After the adoption of this Plan, the Corporation shall undertake no new business and its activities shall be confined to winding up its affairs, paying its debts, and making distribution to its stockholders as aforesaid. Distributions to the stockholders under this Plan shall be made in cash or in kind or partly in cash and partly in kind as the Board of Directors of the Corporation may determine and shall be made to the *86 stockholders at such times as said Board of Directors may determine. "This Plan of Liquidation shall be executed under the supervision of the Board of Directors of the Corporation and said Board shall be fully empowered to convert the property of the Corporation into cash or other distributable form and do all other things deemed by it necessary or desirable to effect the consummation thereof." Standard Car Finance Corporation made the payment of $18,000 to petitioner pursuant to the October 16, 1942, resolution of its board of directors above quoted and charged the same against its Reserve for Pensions and Gratuities. The corporation's check to petitioner in such amount was accompanied by the following notice: "STANDARD CAR FINANCE CORPORATION "At a meeting of the Board of Directors of this corporation held October 16, 1942, it was voted to make certain gratuitous allowances or gifts to certain former employees of Standard Steel Car Company or its subsidiaries. The amount voted to be paid to you is $18,000. for which our check is enclosed. "Counsel for the corporation state that, in their opinion, whether or not this payment to you constitutes taxable income in your hands *87 under the Federal Income Tax Law is a close question in view of the decision of the Supreme Court of the United States in the case of Bogardus v. Commissioner, reported in . We recommend that you consult your own attorney on this question. "STANDARD CAR FINANCE CORPORATION J. F. Drake, President "Pittsburgh, Pa.
"October 30, 1942." Standard Car Finance Corporation did not claim nor was it allowed any deduction for Federal income tax purposes for the amounts paid pursuant to the resolution of October 16, 1942, including the amount of $18,000 paid to petitioner. In the year 1929 pensions of $42,159.04 paid by Standard Steel Car Company were deducted in its income tax return for that year and allowed. In the year 1930 Standard Car Securities Company in its income tax return deducted the amount of $40,841.20 for pensions paid and this deduction was allowed. In 1931 and 1932 pension payments in the respective amounts of $53,962 and $43,538.80 were deducted in the income tax returns of Standard Car Securities Company, but were not allowed. After 1932 no deductions were taken in the income tax returns of Standard Car Securities Company, Standcar Securities *88 Corporation or Standard Car Finance Corporation for pensions or gratuities paid. The following additional facts appear in the record: From January 28, 1930, to December 3, 1942, ownership, control and management, successively, of Standard Steel Car Company, Standard Car Securities Company, Standcar Securities Corporation, and Standard Car Finance Corporation, were in substantially the same individuals. Petitioner's salary of $2,000 a month from Standard Steel Car Company was paid to him in full for all his services to Standard Steel Car Company to March 1, 1930. Following the termination of petitioner's employment by Standard Steel Car Company on March 1, 1930, petitioner was employed by Standard Car Securities Company from March 1, 1930, to December 31, 1933, by Standcar Securities Corporation from January 1, 1934, to August 31, 1939, and by Standard Car Finance Corporation from September 1, 1939, to November 1, 1942. He was vice president and treasurer and a director of the three corporations during such period. He received a salary of $2,000 a month from the corporations up to January 1, 1940, when the salary was cut to $1,000 a month on account of the falling off of the *89 work incident to the liquidation of Standard Car Finance Corporation. The salary mentioned in the preceding paragraph was paid to petitioner in full for all his services to Standard Car Securities Company, Standcar Securities Corporation, and Standard Car Finance Corporation. Petitioner never had any understanding or agreement of any kind with Standard Steel Car Company, Standard Car Securities Company, Standcar Securities Corporation, or Standard Car Finance Corporation, or any of the stockholders, officers or directors of these corporations, with respect to the payment of $18,000 received by him in October 1942. J. Frank Drake, now president of Gulf Oil Corporation, was president and a director of Standard Steel Car Company in 1923 until the sale of its property to Pullman Incorporated in 1930, and conducted the negotiations in that transaction. He was president and a member of the board of directors of Standard Car Securities Company and Standcar Securities Corporation during their existence and was president and a director of Stardard Car Finance Corporation from its incorporation in 1927 until the present time. The transaction between Standard Steel Car Company and Pullman *90 Incorporated was a very favorable one for the stockholders of Standard Steel Car Company. J. Frank Drake did not participate in the payments authorized at the October 16, 1942, meeting of the board of directors of Standard Car Finance Corporation. J. Frank Drake was present at the meeting of the directors of Standard Car Finance Corporation on October 16, 1942. He regarded the payments to the men on the list of 117, including $19,500 to Charles W. Wright; $5,000 to Bert P. Newton, and $18,000 to T. H. Gillespie, as outright gifts. Opinion The question posed is not complex. It is, - was the $18,000 paid to petitioner by Standard Car Finance Corporation compensation for services rendered and accordingly taxable, or was it a gift exempt from income tax? This case arose from the same transaction and was presented to us on substantially the same facts as were before this Court in the recent case of Bert P. Newton, 62, promulgated September 30, 1948. In that case the Court held that the payment of $5,000 to Newton, mentioned in the last paragraph of our findings of fact in this case, was a gift and not compensation. In the Newton case, the facts and the *91 law were fully discussed. No useful purpose would be served by a further discussion. On authority of the Newton case, we hold that the payment of $18,000 to Gillespie, petitioner here, was a gift exempt from income tax and not compensation for services rendered. Decision will be entered for the petitioner.