**COX v. KRAEMER, Collector of Internal Revenue.**

Civ. No. 2025.

District Court, D. Connecticut.

Nov. 5, 1948.

Charles Welles Gross, Gross, Hyde & Williams, Hartford, Conn., for plaintiff.

Adrian W. Maher, U. S. Attorney, District of Connecticut, Edward J. Lonergan, Assistant U. S. Attorney (Connecticut), Hartford, Conn., for defendant.

SMITH, District Judge.

This is an action to recover income taxes allegedly overpaid for the year 1943. Timely claim for refund was filed and suit seasonably brought.

The question is whether payment by the state pursuant to special act to reimburse a state employe for legal expenses incurred in successfully defending himself against charges of incompetence in office is taxable income as "compensation for personal services" or exempt from taxation as a gift.

The facts are stipulated as follows:

### Findings of Fact

1. This is a civil action arising under the laws of the United States providing for internal revenue as hereinafter appears. It is based upon a claim for refund of income tax paid by the plaintiff.

2. On June 16, 1943 the defendant become Acting Collector of Internal Revenue of the United States for the District of Connecticut and acted as such until March 1, 1944, when he became, and at all times thereafter material hereto was, the duly appointed, qualified and acting Collector of Internal Revenue of the United States for the District of Connecticut.

3. At the time of the commencement of this suit defendant was and still is an inhabitant of the State of Connecticut and resides in the City of Meriden in said State.

4. Plaintiff is an inhabitant and resident of the town of Windsor, in the County of Hartford and State of Connecticut.

5. In 1942 plaintiff was Highway Commissioner of the State of Connecticut. In 1942 his removal from office was sought on charges of "misconduct, incompetence and neglect of duty". He successfully defended himself against the charges and after extended hearings the then Governor of Connecticut exonerated him of the charges.

6. During the year 1942 plaintiff incurred legal expenses in defending his conduct of his office in the sum of $6,289.93 and took the same as deductible business expenses in his 1942 income tax return.

7. During the year 1943 plaintiff incurred further legal expenses in the same matter in the sum of $1,639.22 and took the same as deductible business expense in his 1943 income tax return.

8. By Special Act of the General Assembly of the State of Connecticut, approved by the Governor on May 11, 1943, the Comptroller was directed to draw his order on the Treasurer for the sum of $7,929.15 in favor of the plaintiff to reimburse him for expenses incurred in his defense against charges of incompetency as State Highway Commissioner, and this amount was paid to the plaintiff in 1943.

9. Under date of August 25, 1943 the plaintiff, by letter addressed to the Collector of Internal Revenue at Hartford, requested rulings (1) whether he was entitled to take the expenses incurred in 1942 and set forth in Paragraph 6 hereof as a deductible business expense; (2) whether he was entitled to take the expenses incurred in 1943 and set forth in Paragraph 7 hereof as a deductible business expense; and (3) whether the sum of $7,929.15 received by him under the Special Act of the General Assembly in 1943 was taxable income, or a gift.

10. Under date of December 15, 1943 (no reply to his request for a ruling having been received) the plaintiff paid under protest the final installment of his 1943 income tax to the defendant as Collector, computed on the assumption that the legislative grant does form a part of his 1943 taxable income. The total 1943 tax paid by him was $5,556.65.

11. Under date of December 18, 1943 the defendant as Collector of Internal Revenue sent the plaintiff a copy of a ruling on the questions stated by the plaintiff. This ruling was (1) that the legal expenses incurred constitute an allowable deduction in his Federal income tax return for the years in which such expenses were actually paid, and (2) that the plaintiff will be required to include in gross income for Federal income tax purposes for 1943 the amount received in 1943 in accordance with a Special Act of the General Assembly to reimburse him for expenses incurred in his defense against charges of incompetency as State Highway Commissioner. A copy of that ruling by the Commissioner of Internal Revenue is filed herewith, marked Exhibit "A", and made a part hereof. (Exhibit A omitted from reported opinion.)

12. Under date of August 1, 1944 the plaintiff executed and filed with the defendant as the Collector of Internal Revenue at Hartford a claim for refund of $2,736.78, a copy of which claim for refund is attached hereto, marked Exhibit B, and made a part hereof. (Exhibit B omitted from reported opinion.)

13. In his claim for refund the plaintiff requested that this matter be referred to an Internal Revenue Agent or to the Technical Staff for conference, but no response to that suggestion for a conference has ever been received and no ruling on the Claim for Refund has ever been received.

14. A copy of the transcript of proceedings before the Claims Committee of the General Assembly which favorably reported the reimbursement to plaintiff for expenses incurred in his defense against charges is attached hereto, marked Exhibit C, and made a part hereof. (Exhibit C omitted from reported opinion.)

15. A copy of Special Act No. 282, an act reimbursing William J. Cox for expenses incurred in his defense against charges of incompetency as State Highway Commissioner is attached hereto, marked Exhibit D, and made a part hereof. (Exhibit D omitted from reported opinion.)

### Discussion

There is no claim that there was a legal obligation on the state to make the payment, but because the state constitution limits the power of the state to make payments to individuals it is claimed that a gift would be unconstitutional, that at least a moral obligation existed which makes the payment compensation rather than gift.

Here the state did not give additional payments for personal services but replaced expenditures which the legislature considered the actions of the state had unfairly caused to be incurred by the taxpayer.

If there were a general act reimbursing all state employes for necessary expenses of defending against charges of incompetence, payments under it might be income as part of the agreed compensation for the personal services. That is not the case here.

The government likens the situation to reimbursement from insurance for losses sustained in prior years, or receipt of payment of debts charged off in prior years as bad debts. Plaintiff points out that in all the cases cited by the government there was a binding obligation, by law or by contract, which is lacking here.

■ This case does, on its facts, appear unique. It is similar to the cases cited by the government in that there has been a recoupment of a business expense for which tax deductions were taken. It differs, however, in that, at the time of the deductions, there was no legal claim for reimbursement, which followed only as a matter of grace by the legislature. To that extent it was a gift. Yet it was a payment in recognition of the unfairness of saddling the employe with a heavy expense in defending to his employer the propriety of his actions in the course of his employment. It was a recognition that the expenses were required in connection with the personal services rendered the state. To that extent their reimbursement was not a "gift" within the constitutional prohibition of Section 1, Article 1, of the Connecticut Constitution, that "no man, or set of men, are entitled to exclusive public emoluments or privileges from the community." At least it appears probable that the Connecticut courts would hold constitutional a payment based upon such a moral obligation. See Lyman v. Adorno, 1947, 133 Conn. 511, 528, 52 A.2d 702.

■ It does not necessarily follow, however, that in order to be constitutional it must be a gift in the tax sense. We must draw the line between "compensation for personal services" and "gift" as those terms are intended by the Congress for tax purposes, for one must be held subject to the tax while the other must be exempt.

Here the payment was not an additional requital for services in Justice Brandeis' phrase (see dissenting opinion in Bogardus v. Commissioner of Internal Revenue, 1937, 302 U.S. 34, 45, 58 S.Ct. 61, 82 L.Ed. 32.) Nor can it be said to be wholly an expression of good will and esteem for the employe. It was rather a grant to replace capital impaired by what the legislature considered a wrong done by a former administration, in connection with plaintiff's employment.

The employer's intent here makes it for tax purposes a gift rather than compensation, for it was not services rendered, but unfounded charges borne, for which the state paid. Nor need the fact that the employe properly deducted as business expense his legal expenses as they occurred call for another conclusion. They were made to preserve his right to employment without claim to, or right of, reimbursement. They cannot change the nature of the state's subsequent grant.

838

## Conclusions of Law

1. The court has jurisdiction of the parties and subject matter of the action.

2. The payment by the state to the taxpayer was a grant by an act of grace, and is exempt from income taxation.

3. The plaintiff is entitled to recover of the defendant $2,736.78 with interest from December 15, 1943.

Form of judgment for the plaintiff, including proper provisions for protection of the defendant from individual liability for money collected and accounted for by him in his official capacity, may be submitted by counsel.