**SCHALL et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12691.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

Douglas D. Felix, Miami, Fla., for petitioner.

Virginia H. Adams, Ellis N. Slack, and Helen Goodner, Sp. Assistants to Atty. Gen.

Theron Lamar Caudle, Assistant Attorney General; and Charles Oliphant, Chief Counsel, and John W. Smith, Sp. Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves the income tax liability of petitioners, Charles Schall and Daisy B. Schall, for the year 1943. The Tax Court found a deficiency in income and victory taxes for the year in question of $17.75.

The question presented is whether the Tax Court correctly held that the sum of $2,000 received by petitioner during the tax year involved, from a church of which he had formerly been Pastor constitutes taxable income within the meaning of Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a).

The material facts, as found by the Tax Court and revealed by the record, are without dispute, and may be summarized as follows:

Petitioner, Dr. Charles Schall, became pastor of the Wayne Presbyterian Church of Wayne, Pennsylvania, in October, 1921, at a salary of $6,000 per year. He served continuously in that capacity for eighteen years, when he was stricken with a heart attack which necessitated his resignation. After a severe and protracted illness, during which he remained in a hospital for eight months, he was advised by his physician to move to Florida in order to escape the rigorous climate and winters of Pennsylvania.

The congregation of the Wayne Presbyterian Church knew of Dr. Schall's condition, of the advice of his physician, and of his financial inability to move to Florida. Accordingly, at a meeting held on June 28, 1939, it recommended that his resignation be accepted, and unanimously adopted the following resolution:

"Whereas the pastor of this Church, Rev. Dr. Charles Schall, has become incapacitated for the further service as pastor and has requested the Congregation to join in a petition to Chester Presbytery to dissolve the pastoral relation; and

"Whereas the Congregation *moved by affectionate regard for him and gratitude* for his long and valued ministry among them, desire that he should continue to be

associated wtih them in an honorary relation;

"Now, Therefore, Be It Resolved that, effective upon formal dissolution by Presbytery, Rev. Charles Schall be constituted Pastor Emeritus of this church with salary or honorarium amounting to Two Thousand Dollars ($2000.) annually, payable in monthly installments, with no pastoral authority or duty, and that the Session of this Church be requested to report this action to Presbytery. * * *"

Dr. Schall had made no request of the congregation that the above or any other amount be paid to him after his resignation, and had no knowledge that this resolution would be adopted. He did not agree to render any services in consideration for same, and since his resignation has performed no pastoral services for the Church whatever. Moreover, his testimony is forthright, and clear to the effect that he regarded the proposed payments "as an outright gift". It is without dispute that since his illness and resignation, Dr. Schall has resided continuously in the state of Florida.

We are of opinion the Tax Court clearly erred in holding that the payments to petitioner were taxable income. Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Bass v. Hawley, 5 Cir., 62 F.2d 721. Where, as here, all the facts and circumstances surrounding the adoption of the resolution clearly prove an intent to make a gift, the mere use of the terms "salary" and "honorarium" do not convert the gift into a payment for services. Bogardus v. Commissioner, 302 U.S. 34, 44, 58 S.Ct. 61, 82 L.Ed. 32. Moreover, "* * * a gift is none the less a gift because inspired by gratitude for past faithful service of the recipient * * *". Frank T. Knowles, 5 T.C. 525; Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32. Manifestly, these payments to petitioner were non-taxable gifts, within the orbit of the rule defining same, as enunciated by this court in the case of Bass v. Hawley, 5 Cir., 62 F.2d 721, at page 723:

"* * * That only is a gift which is purely such, not intended as a return of value or made because of any intent to repay another what is his due, but bestowed only because of *personal affection* or *regard* or *pity,* or from general motives of philanthropy or charity. * * *"

It follows that the decision of the Tax Court should be, and the same is hereby,

Reversed.