WILLIAM S. ABERNETHY AND JANE R. ABERNETHY, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33566.    Promulgated June 11, 1953.

*J. Barrett Carter, Esq.*, for the petitioners.
*J. Nelson Anderson, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The only question for our decision is whether the $2,400 received by petitioner William S. Abernethy in the taxable year 1949 from Calvary Baptist Church and congregation of Washington, D. C., was a gift and therefore excludible from gross income under the provisions of section 22 (b) (3) of the Internal Revenue Code or was within the purview of the terms "salaries, wages, or compensation for personal service" and taxable under section 22 (a) as determined by the respondent.

We must examine the facts and circumstances surrounding the transaction here involved to determine the true intention of the parties with respect to the payments made, for if the payments were in fact intended to be a gift, they could be tax free. However, if they were intended to be compensation for past services, the amounts are taxable as ordinary income to the petitioners. *Bogardus* v. *Commissioner*, 302 U. S. 34. The evidence before us is meager, consisting of a stipulation of facts. From this the following information may be gleaned. The petitioner William S. Abernethy retired from the service of Calvary Baptist Church and congregation at the age of 69 years, after service to that church and congregation for 20 years. At the time of his retirement he was no longer physically able to perform his duties as pastor of a congregation numbering over 3,000. Since his retirement he has performed no official duties for the church and has not been expected to do so, although he has preached once or twice a year to his former congregation as a guest preacher. These facts standing alone reveal almost nothing with respect to the intention with which the payments here involved were made. The intent of the parties must, therefore, be determined, if possible, from the terms of the various resolutions as they appear in the stipulated facts.

On December 18, 1941, the board of trustees of the church suggested to the congregation "that the church give Dr. and Mrs. Abernethy, as a token of its gratitude and appreciation, one-half year's salary ($3650), payable in instalments of $100 per month, beginning on January 1, 1942." The minutes of the meeting of the members of Calvary Baptist Church and congregation of the same date contain the following language:

Mr. Dagger submitted recommendation of the Board of Trustees that the Church give Dr. and Mrs. Abernethy, as a token of its gratitude and appreciation,

one-half year's salary ($3650.00), payable in instalments of $100.00 a month beginning January 1, 1942.

On motion of Mr. Carter, which was seconded by Mr. Cooke and others, the recommendation of the Board of Trustees was unanimously approved.

On March 1, 1944, as evidenced by the minutes of a meeting of the members of the church, it was resolved that the church "pay to Reverend W. S. Abernethy, D. D., Pastor Emeritus of this Church, for and during his lifetime, the sum of one hundred dollars ($100.00) a month, in appreciation of his long and faithful services to Calvary Baptist Church." Thereafter the church continued to pay William S. Abernethy $100 a month until May 1947 at which time the payments were increased to $200 a month, when at a meeting of the members of the church a motion was adopted that the retirement fund of $200 a month included in the budget for the ensuing year be paid to William S. Abernethy indefinitely, or until other action is taken by the church.

The payments with which we are here concerned, totaling $2,400 in the year 1949, were made under authority of the resolution of March 1, 1944, as amended by the resolution of March 12, 1947, the effect of the amendment being to increase the monthly payment from $100 to $200. It is significant that in preparing the church budget for submission to the members of the church for approval at the meeting of March 12, 1947, the payments to be made to William S. Abernethy were carried under the heading "Retirement." We think it inescapable from the facts submitted that the payments by the church to petitioner William S. Abernethy were in consideration of his long and faithful pastoral services. These facts are consistent with the position taken by the respondent.

Certainly the petitioners have failed to overcome the presumption of correctness of respondent's determination herein. Therefore, we are impelled to sustain the respondent and hold the payments here involved to be compensation to William S. Abernethy within the meaning of section 22 (a) of the Code and that accordingly they constitute taxable income.

The petitioners cite the authority of *Schall* v. *Commissioner*, 174 F. 2d 893, reversing 11 T. C. 111. Suffice it to say that there is a distinguishing difference between the facts of that case and those in the instant case and furthermore we are not convinced that our holding in the *Schall* case was wrong notwithstanding the reversal thereof by the Circuit Court. In any event the evidence before us is not such that we can say that the payments here in question were not intended as a return of value made because of an intention to repay that which was justly due, nor can we say that the payments were bestowed only because of personal affection or regard or pity, or from general motives of philanthropy or charity.

*Decision will be entered for the respondent.*