**HERSHMAN et al. v. KAVANAGH.**

**No. 10300.**

United States District Court
E. D. Michigan, S. D.

June 29, 1953.

Levin, Levin, Garvett & Dill, Detroit, Mich., for plaintiff.

Edward T. Kane, Dist. Atty., Roger P. O'Connor, Asst. Dist. Atty., Detroit, Mich. Richard M. Roberts, Sp. Asst. U. S. Atty. Gen., Tax Division, for defendant.

PICARD, District Judge.

This cause having come on for trial at a term of said court held on the 2nd day of December, 1952, in the Federal Building in the City of Detroit, Michigan; and thereupon this cause having been submitted to the Court for trial without a jury, and the Court having heard all of the evidence adduced, and being fully advised in the premises, and having

determined its findings of fact and conclusions of law, and judgment thereon having been entered herein on February 12, 1953, and it appearing to the Court that it is necessary that findings of fact and conclusions of law be made and entered herein, the Court finds as follows:

### Findings of Fact

1. For nearly forty years and until his retirement in 1946, the plaintiff, Abraham M. Hershman, was the Rabbi of Congregation Shaarey Zedek, Detroit, Michigan, hereinafter referred to as the "Congregation." On October 18, 1932, at the conclusion of twenty-five years of service by Rabbi Hershman to the Congregation, a resolution was adopted lauding Rabbi Hershman and tendering to him the position for life as Rabbi of the Congregation, with a salary of $7,500 per year for the two years commencing on the 1st day of November, 1932, and ending on the 31st day of October, 1934, and thereafter at such annual salary as might be determined and fixed by the Board of Trustees of the Congregation for each successive period of two years.

2. On September 2, 1937, the Board of Trustees of the Congregation adopted a resolution providing that in the event Rabbi Hershman elected to retire at any time after the date thereof, the Congregation would pay "to him as a pension for the rest of his life the sum of $5,000.00 per annum, payable monthly." A resolution to similar effect was adopted at the semi-annual meeting of the members of the Congregation held September 23, 1937.

3. At no time subsequent to the adoption of the resolution of October 18, 1932, did Rabbi Hershman have any fixed arrangement with the Congregation with respect to his compensation extending for a period beyond five years. His compensation was usually determined for periods of two years.

4. Prior to October 14, 1946, Rabbi Hershman expressed the wish to retire as Rabbi of the Congregation. At a meeting of the Board of Trustees of the Congregation held October 14, 1946, a resolution was adopted accepting with deep regret the request of Rabbi Hershman to retire as Rabbi of the Congregation, electing him as Rabbi Emeritus for life, and stating that the $5,000 per annum retirement arrangement was "entirely inadequate in accordance with present circumstances" and recommending "to the membership that the compensation for Rabbi Hershman's retirement shall be as follows:

"From October 1, 1946 to December 31, 1946, at the present rate of $9,000.00 per annum;

"From January 1, 1947 and for the remainder of his natural life, the retirement compensation shall be at the rate of $7,500.00 per annum."

At the semi-annual meeting of the Congregation held on October 24, 1946, the recommendation of the Board of Trustees adopted at its October 14, 1946 meeting was approved by the members of the Congregation, and on December 2, 1946 a memorandum was executed by the Congregation and by Rabbi Hershman setting forth the substance of the resolutions of October 14, 1946 and October 24, 1946.

5. At the time of his retirement in October, 1946, Rabbi Hershman had earned and enjoyed the admiration, affection and esteem of the members of his Congregation. Rabbi Hershman did not request the adoption of the resolutions of September, 1937, or of October, 1946, and the adoption of those resolutions was solely the voluntary action of the members of the Board of Trustees, and of the members of the Congregation. Rabbi Hershman did not require or regard the adoption of the resolutions of September 1937, as a condition to his further service to the Congregation, and he did not require or regard the adoption of the resolutions of October, 1946, as a condition to his retirement at that time. Both the resolutions of September, 1937, and October, 1946, were inspired by the admiration, affection and esteem in which Rabbi Hershman was held by the Board of Trustees and the members of the Congregation.

6. Since his retirement Rabbi Hershman has been under no obligation to perform any duties, or to minister to any of the members of the Congregation, although he has voluntarily done so at the request of older members of the Congregation, whom he has known throughout the years. The Congregation does not claim the right to call upon him for the rendition of any services.

7. The adoption of the resolutions of September, 1937 and the continued service of Rabbi Hershman as the Rabbi of the Congregation resulted in a fixed legal obligation under such resolutions on the part of the Congregation to Rabbi Hershman. Therefore, I find that those portions of the payments to Rabbi Hershman subsequent to his retirement, which are with respect to the $5,000 annual payments approved in September, 1937, are taxable income to him and are not gifts.

8. I find that in the adoption of the resolutions of October, 1946, the Board of Trustees and the members of the Congregation intended to make gifts to Rabbi Hershman of so much of the payments provided for by the resolutions of October, 1946, as are in excess of the $5,000 per year arrangement approved in September, 1937.

9. The Congregation was under no obligation to increase the retirement arrangement of Rabbi Hershman beyond $5,000 per year, and their action in doing so was inspired by the feeling that $5,000 per year was not adequate, and because of the admiration, affection and esteem in which Rabbi Hershman was held by the members of the Congregation, and I therefore find that those portions of the payments by the Congregation to Rabbi Hershman subsequent to his retirement, which are in excess of the $5,000 per year arrangement, were gifts, and are not taxable income.

10. I therefore find that $1,000 of the amounts paid by the Congregation to Rabbi Hershman in the calendar year 1946 was a gift and not subject to the payment of income tax, and that $2,500 of the $7,500 paid by the Congregation to Rabbi Hershman in each of the calendar years 1947 and 1948 was a gift, and not subject to the payment of income tax, and that the amounts of tax paid by the plaintiffs with respect to such gifts constitutes an over-payment by them within the meaning of Section 322(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 322(a) (1), and that the sums overpaid were erroneously, wrongfully, unjustly, and illegally assessed and collected from the plaintiffs by the said Giles Kavanagh, formerly Collector of Internal Revenue for the District of Michigan.

Conclusions of Law

From the foregoing facts, the Court concludes:

1. Those portions of the payments in the years 1946, 1947, and 1948, to Rabbi Hershman by the Congregation, subsequent to his retirement, which were with respect to the $5,000 per year arrangement, approved in September, 1937, constituted taxable income and were not gifts, and those portions thereof which were in excess of the $5,000 per year arrangement constituted gifts and not taxable income, and that the amounts of taxes collected with respect to such gifts constitutes over-payments within the meaning of Section 322(a) (1) of the Internal Revenue Code, and such amounts were erroneously, wrongfully, unjustly, and illegally assessed and collected from the plaintiffs by the said Giles Kavanagh, formerly Collector of Internal Revenue for the District of Michigan. Bogardus v. Commissioner of Internal Revenue, 1937, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Schall v. Commissioner of Internal Revenue, 5 Cir., 1949, 174 F.2d 893.

2. That plaintiffs are entitled to judgment against the defendant in the amount of taxes overpaid with respect to such gifts.