**LOESCH & GREEN CONST. CO.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 11932.**

United States Court of Appeals
Sixth Circuit.
March 2, 1954.

L. F. Loux, Cleveland, Ohio (Orgill, Maschke, Wickham & Loux, Cleveland, Ohio, of counsel), for petitioner.

L. W. Post, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Alonzo W. Watson, Jr., Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

**PER CURIAM.**

Petitioner, a corporation, sought to deduct in its tax returns, the amount of salaries paid to its officers during certain calendar years as reasonable compensation disbursed for business expenses. The Commissioner disallowed a substantial amount and determined deficiencies. Thereafter, on review before the Tax Court, an increase in the amount of salaries above that allowed by the Commissioner, but substantially less than the amounts actually paid to the officers, was found to be reasonable compensation, and the differences between the salaries paid and those allowed were determined as deficiencies. On petition of the taxpayer, the decision of the Tax Court is before us for review.

The corporate taxpayer is a construction company which had its beginning in the early 1900's in a partnership in which the forebears of the present officers were the partners. The business was afterward incorporated in 1925, and in that year, Edward H. Green, his two sons, Ernest M. Green and Howard H. Green, and his son-in-law, Irving R. Lewis, became the principal officers and employees. The small enterprise weathered the depression of 1929 and the succeeding years, and since, has become a most successful small business. In the nine years prior to the last year for which the Commissioner determined a deficiency, its employees had increased from 37 to 200; the payment of wages rose from $61,000 to $697,000; its capital assets increased from $58,000 to $364,000; its gross receipts, from $205,000 to $1,426,000; and the payment of salaries to its officers, from $10,000 to $84,000. All of the officers grew up in the business from boyhood. They are all actively engaged in the business. They solicit the construction work, direct its execution, and have completed successfully many great projects, both for private industry and for the government.

Officers of similar and competing businesses, who were well acquainted with petitioner's business and its officers and their work, testified on the hearing that the salaries paid were "very much" on the reasonable side, and were in line

212

with the amounts paid for the same and similar services in other construction companies. Their testimony was unimpeached and should have been accepted by the Tax Court in a matter in which it had no knowledge or experience upon which it could exercise independent judgment; and such evidence cannot be arbitrarily disregarded. Capitol-Barg Dry Cleaning Co. v. Commissioner, 6 Cir., 131 F.2d 712. Petitioner's witnesses were qualified, unimpeached, and no evidence was given to the contrary. Their testimony should have been accepted. Wright-Bernet, Inc., v. Commissioner, 6 Cir., 172 F.2d 343. The Tax Court cannot reject the evidence of all of the witnesses and, upon a record containing no evidence to support its decision, make a determination that salaries are excessive. J. H. Robinson Truck Lines, Inc., v. Commissioner, 5 Cir., 183 F.2d 739. "Since the Commissioner offered no evidence, the petitioner was denied the opportunity of examining the correctness of his computations; and was left to stand upon its own proof, none of which was refuted. Therefore, we think, the burden of presenting evidence to rebut any presumption in favor of the Commissioner's findings was fully met, and the Tax Court clearly erred in finding that the salaries were unreasonable." R. P. Farnsworth & Co., Inc., v. Commissioner, 5 Cir., 203 F.2d 490, 492. Where unimpeached, competent, and relevant testimony on behalf of a taxpayer is uncontradicted, it may not be arbitrarily discredited and disregarded, and the Tax Court cannot reject or ignore this evidence and determine the propriety of the amount of salaries paid upon its own innate conception of reasonableness. A. & A. Tool & Supply Co. v. Commissioner, 10 Cir., 182 F.2d 300; Hightower v. Commissioner, 5 Cir., 187 F.2d 535. As so well expressed by the late Judge Denison in Rookwood Pottery Co. v. Commissioner, 6 Cir., 45 F.2d 43, 45, "when the proofs so introduced remain unchallenged by contrary proofs or by destructive analysis, it was the duty of the commissioner to decide the issue in accord-

ance with the proof then appearing before him; and it was, we think, the duty of the board to take the same view." Since the testimony introduced on behalf of petitioner was unimpeached, competent, relevant, and uncontradicted, and since the proofs were unchallenged by contrary proofs or by destructive analysis, it is our conclusion that the Tax Court erred in failing to sustain the salaries paid to the officers of petitioner as reasonable; and the case is remanded to the Tax Court with instructions to set aside the deficiency assessments complained of by petitioner.