Travis T. **WALLACE**, Hazel J. **Wallace**, C. O. **Hambleton** and Sallie B. **Hambleton**, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.
No. 15053.

United States Court of Appeals, Fifth Circuit.
March 2, 1955.

**856**

L. E. Elliott, Dallas, Tex., for petitioners.

David O. Walter, Ellis N. Slack and John J. Kelley, Jr., Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Chief Counsel, Vernon F. Weekley, Sp. Atty., Internal Revenue Service, Washington, D. C., for respondent.

Before HOLMES, RIVES and TUTTLE, Circuit Judges

TUTTLE, Circuit Judge.

The sole issue on this petition for review is whether certain payments made to Messrs. Wallace and Hambleton in 1946, 1947 and 1948 by their employer, the Great American Reserve Insurance Company, were gifts or compensation for services rendered. The Tax Court held that they were compensation and therefore taxable income under 26 U.S.C.A. § 22(a).

The material facts were stipulated, and those facts are fully stated in the Tax Court memorandum decision, 12 T.C.M. 1462. A brief résumé is sufficient here. Taxpayers Wallace and Hambleton filed community property returns or joint returns with their wives for the years in question, in Dallas, Texas, where they resided. The two men had organized and incorporated Great American in 1937, and had served ever since as its president and executive vice president respectively, and as members of its board of directors. Wallace originally held two-thirds of all the capital stock and Hambleton one-third. Upon organization of Great American, they had transferred to it without consideration the business of a mutual health and accident insurance company they had been operating. On July 28, 1937, each transferred 37% of his stock to a trustee to sell to raise working capital for the Company. The Company prospered greatly, and its capital was increased to $100,000 and again to $250,000. In order to qualify the Company to do business in Kansas, Wallace and Hambleton in 1945 executed a release and quitclaim of all their right, title, and interest in the shares transferred to the trustee in 1937.[1] The corporation records recite the Company's acceptance of the releases and its gratitude. Several of the directors of the Company thought that something more to express its appreciation to the two men should be done, and the general counsel was informally requested to investigate the possibility of making a gift to them. At the annual directors' meeting in 1946 the following resolution was unanimously adopted:

"Resolved: That the Great American Reserve Insurance Company, in appreciation of the loyalty and devotion of Travis T. Wallace and C. O. Hambleton to the welfare of this company, and its employees, over and beyond the call of duty, and as an expression of good will, esteem and kind feeling toward them, said corporation hereby sets aside out of its surplus the sum of $37,500.00 as a gift of $25,000.00 to Travis T. Wallace and $12,500 to C. O. Hambleton; and

"Be it Further Resolved that in order not to unduly tax the surplus of said corporation at this time, said amounts be delivered to

1. The Tax Court's opinion states, 12 T.C.M. 1462, 1464: "The original trust agreement is not before us, but we assume that the releases which the two men executed were only to comply with a technical provision of the Kansas Law and that they, in fact, have no claims against the Company." Petitioners never had contended that the payments were intended as payment for their quitclaim, but insist they were pure gifts. We may properly disregard the hypothetical worth of their interests, then.

donees, one-fifth to each at this time, and one-fifth thereof one, two, three and four years hereafter, and

"Be it Further Resolved that the Board of Directors of this corporation may suspend delivery in any year that, in their opinion, the surplus of the corporation would be unduly diminished."

This resolution was ratified and adopted at the 1947 stockholders' meeting. Pursuant to the resolution Great American during each of the calendar years 1946, 1947 and 1948 paid $5,000 to Wallace and $2,500 to Hambleton. The Company did not deduct these amounts as expenses for tax purposes; Wallace and Hambleton reported these amounts in their returns as gifts. The Commissioner determined that they were additional compensation and assessed deficiencies against all the petitioners herein. They petitioned for a redetermination of these deficiencies, and the Tax Court approved the deficiencies as assessed.

We agree with the Tax Court's conclusion and with the result reached by it. Whether amounts received by employees are gifts or compensation depends on the intention of the parties, principally the payor.[2] The failure of the employer to deduct the amount on its return is significant, but not conclusive.[3] If services have been performed by the recipients, it may well be said the presumption is that the payment is for the services and not a gift. We have little to add to the Tax Court's able discussion of the authorities supporting these principles. Thomas v. Commissioner of Internal Revenue, 5 Cir., 135 F.2d 378; Carragan v. Commissioner of Internal Revenue, 2 Cir., 197 F.2d 246; Nickelsburg v. Commissioner of Internal Revenue, 2 Cir., 154 F.2d 70; Fisher v. Commissioner of Internal Revenue, 2 Cir., 59 F.2d 192; Wilkie v. Commissioner, 6 Cir., 127 F.2d 953; Van Sicklen, Jr., 33 B.T.A. 544. And we think the circumstances under which the payments were made, namely the fact that the Company had in the past prospered greatly under taxpayers' able and devoted management, and the fact that the resolution authorizing the payments sprang immediately from an act that brought to mind a substantial benefit given to the company by the payees several years earlier; the contingent nature of future payments, implying that if it was an act of simple generosity, such generosity was modified at least partially by a consideration of the effect on the business, support the conclusion that the payments were compensation more convincingly than the wording of the resolution and the evidence that the stockholders, directors, and general counsel *spoke of* making a gift and called it a gift, negatives that conclusion.

Every one of the cases urged on us by petitioners as authorities for reversal, involve special circumstances indicative that the intention was to make a gift, none of which is present here.[4]

2. Bogardus v. Commissioner of Int. Rev., 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Bass v. Hawley, 5 Cir., 62 F.2d 721.

3. Bass v. Hawley, supra.

4. Where the recipient was never employed by the payer, Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; McAdow Est., 12 T.C. 311, Acq. 1949–1 C.B. 3; Newton, 11 T.C. 512, Acq. 1949–1 C.B. 3; where the recipient was never employed and is the widow of a deceased employee of the payer (W. D. Haden Co., 5 T.C.M. 250, reversed in part on another point, 5 Cir., 165 F.2d 588; MacFarlane, 19 T.C. 9, partial Acq. 1953–1 C.B. 5); where the payer is dead and leaves a bequest, United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547; Bank of New York v. Helvering, 2 Cir., 132 F.2d 773; McDonald, 2 T.C. 840, Acq. 1944 C.B. 19; where the payee has left or is leaving the employ of the payer, Schall v. Commissioner of Internal Revenue, 5 Cir., 174 F.2d 893; Mutch v. Commissioner of Internal Revenue, 3 Cir., 209 F.2d 290; Cunningham v. Commissioner of Internal Revenue, 2 Cir., 67 F.2d 205; Abernethy v. Commissioner of Internal Revenue, D. C.Cir., 211 F.2d 651; Wright, 7 T.C.M. 738; Gillespie, 7 T.C.M. 776; where the payee has been too ill during the tax years to devote his time to the employer's

The petitioners contend, however, that the Tax Court erred in holding that the inference "arising from the circumstances that Wallace and Hambleton were stockholders and directors and officers of the Company was sufficient to override the positive uncontradicted, and consistent testimony of an unimpeached witness that the amounts delivered to petitioners were in fact gifts." In other words, they maintain that the circumstantial evidence that the payments were compensation for services must be accorded less weight than witness Brundidge's testimony that the corporation intended a gift, citing in support Foran v. Commissioner of Internal Revenue, 5 Cir., 165 F.2d 705; Capitol-Barg Dry Cleaning Co. v. Commissioner of Internal Revenue, 6 Cir., 131 F.2d 712; and Loesch & Green Const. Co., v. Commissioner of Internal Revenue, 6 Cir., 211 F.2d 210. The rule contended for by petitioners, stated thus baldly, is not supported by the cases cited, since in each of them the court held that the positive and uncontradicted testimony was not refuted even by conflicting circumstantial evidence.

█ Moreover, it is not necessary for us to attempt to resolve the abstract problem as to whether positive unimpeached testimony of a witness can be overcome by inferences drawn from convincing circumstantial evidence. Here there are several undisputed facts. Some of those which lend support to the

Tax Court's finding are: taxpayers have long been and at the time of the payments, still were, officers and directors; they were very substantial stockholders; the payments were in proportion to their stock holdings; they had unquestionably placed the company greatly in their debt by giving to it assets and cash without adequate compensation; the payments were made at a time when all of these substantial contributions by them to the company were freshly brought to the attention of the directors. These are all substantive facts. In the light of them the directors desired to do something to show their appreciation and friendly feeling. Such appreciation and friendly feeling was shown by the adoption of the resolution set out above. This also was a fact. The act of the directors was called by them a "gift," and it was so called by the company's lawyer. For us to hold that the Tax Court can ignore the terminology used by the parties and find that what was really done was to make payments which amounted to additional compensation by drawing reasonable inferences from the other circumstances or facts, does violence to no rule or principle of law which we are aware. Certainly it is not in conflict with the cases cited by appellants.

The Tax Court did not err and its decisions are

Affirmed.

---

business, Blair v. Rosseter, 9 Cir., 33 F.2d 286; where payment was reimbursement for legal expenses incurred in connection with the employment but otherwise than for the employer's benefit, Cox v. Kraemer, D.C.D.Conn., 88 F.Supp. 835; where payment was by ex-stockholders individually and not the corporate employer, and it was expected that payees would lose their jobs by reason of the sale of

all the stock of the corporation, Jones v. Commissioner of Internal Revenue, 3 Cir., 31 F.2d 755; and where the agreed compensation of a lawyer for *a specific transaction* had been paid and the client gave him in addition a stock option which later proved valuable (Siegel, 39 B.T.A. 60, Acq. 1939–1 C.B. (Part 1) 32; see discussion of this case in Silliman, 11 T.C.M. 921, 925).