## FISHER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 443.

Circuit Court of Appeals, Second Circuit.
June 6, 1932.

Blackman, Pratt & King, of New York City (Addison S. Pratt, of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen. (Sewall Key and Paul D. Miller, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Frederick K. Slanker, Sp. Atty., Bureau of Internal Revenue, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The single issue presented by this appeal is whether an amount of $6,000 received by the taxpayer in 1924 from his employer was a gift, as he contends, or additional compensation for services, as the Commissioner contends. The facts were stipulated, and, without opinion, the Board found that the amount in question was compensation for services, with the result that a tax deficiency of $528.97 was adjudged.

After twenty-four years of service in the employ of Holmes Electric Protective Company, the petitioner voluntarily handed in his resignation, in December, 1924, to take effect at the end of the year. Starting as an office boy in 1900, he had risen to the position of general traffic manager, with a salary of $10,000 per year. This salary was paid him for the year 1924, and in addition he received from the company on December 23d the $6,000 herein involved. During the preceding October he had been told by his superior officer, Mr. Allen, that when he should actually leave the employ of the company "it would do something for him," but he had no intimation of what that would be until the sum in question was received. Never before had his employer paid him any bonus or other addition to his regular salary, nor had there ever been any agreement that he should receive anything more than the salary which from time to time he had agreed to accept. It was not the practice of the company to pay a bonus to any of its officers or employees, nor had it ever done so. Neither in the year 1924 nor in any previous year had the petitioner performed services outside the scope of the duties of his position. The making of the $6,000 payment was not formally authorized or ratified by any vote of the executive committee or of the board of directors of the company, but it was informally approved by a majority of the members of the executive committee, one of whom was the president of the corporation which held all the stock of the Holmes Company. On the books of the latter it was charged to salary account, and was so reported on its informational tax return (form 1099), and the total sum of $16,000 was included as a deduction in the consolidated income tax return filed on behalf of the Holmes Company and the parent corporation with which it was affiliated.

Upon these facts it is urged that the $6,000 payment must necessarily have been a gift, since it was not paid pursuant to any contract obligation of the employer, nor as compensation for extra services rendered by the employee beyond the terms of his employment, nor, his resignation being voluntary, as compensation for the loss of his employment. But the mere fact that the employer was under no legal duty to pay is not conclusive that the payment was a nontaxable gift. Section 213(a) of the Revenue Act of

1924 (43 Stat. 267, 26 USCA § 954(a), defines gross income to include "gains, profits, and income derived from salaries, wages, or compensation for personal service ― · * of whatever kind and in whatever form paid. * ·· · " In Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 730, 49 S. Ct. 499, 504, 73 L. Ed. 918, the Supreme Court said that "the payment for services, even though entirely voluntary" may nevertheless be "compensation within the statute," citing with approval Noel v. Parrott, 15 F.(2d) 669 (C. C. A. 4); and in Lucas v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, it was held that an employer might deduct reasonable compensation voluntarily paid to employees for services rendered in prior years. The doctrine that bonus payments and gratuitous "additional compensation" for past services may constitute taxable income has been frequently recognized in decisions of the lower federal courts and of the Board of Tax Appeals. See Noel v. Parrott, supra; Schumacher v. United States, 55 F.(2d) 1007 (Ct. Cl.); Weagant v. Bowers, 57 F.(2d) 679 (C. C. A. 2); Garey v. Commissioner, 16 B. T. A. 274; Binger v. Commissioner, 22 B. T. A. 111; Lunsford v. Commissioner, 22 B. T. A. 881. Compare Jones v. Commissioner, 31 F.(2d) 755 (C. C. A. 3); Blair v. Rosseter, 33 F.(2d) 286 (C. C. A. 9); Barnes v. Commissioner, 17 B. T. A. 1002. Whether a payment in a given case shall be deemed taxable compensation or a gift exempt from tax depends upon the intention of the parties, and particularly that of the employer, to be determined from the facts and circumstances surrounding the transaction. In the case at bar, the Holmes Company clearly indicated its intention by charging the payment upon its books to salary account and so reporting it in its tax returns. It is urged that these were the acts of subordinate officials not shown to have been authorized to so treat the payment, but surely the burden of proving their lack of authority, if such was the fact, was upon the taxpayer. Nor is there merit in the petitioner's contention that the sole stockholder approved the payment and hence presumptively intended to make a gift rather than to pay additional compensation. There was no action by the corporate stockholder; its president would have no authority by virtue of his office to give away its property. On the record presented, the Board's finding that the payment was additional compensation was amply justified.

Order affirmed.