## LEVEY v. HELVERING, Com'r of Internal Revenue.

### No. 5891.

Court of Appeals of the District of Columbia.

Argued Nov. 13, 1933.

Decided Dec. 4, 1933.

W. W. Ross and Richard S. Doyle, both of Washington, D. C., for petitioner.

G. A. Youngquist, Sewall Key, John G. Remey, C. M. Charest, C. A. Ray, and Shelby S. Faulkner, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The single question presented on this petition is whether a certain sum of money received by petitioner from his employer, the Frederick H. Levey Company, Inc., during the year 1928, was "compensation" or a "gift." The Commissioner held it was compensation for services rendered and was taxable. Sections 212 and 213, Revenue Act 1926, 44 Stat. 23 (26 USCA §§ 953, 954); Revenue Act 1928, §§ 212, 213, 45 Stat. 791 (26 USCA §§ 2212, 2213). The Board sustained the Commissioner.

The Levey Company was a New York corporation. Petitioner was for many years its secretary-treasurer, and for 1928 the chairman of its board of directors and also its treasurer. While treasurer, his salary was fixed at $30,000 annually. As chairman of the board and treasurer, his salary was fixed at $70,000. On these amounts received by him in the several years respectively he paid the tax. But the record shows that for all the years 1924 to 1930, inclusive, the corporation, in fixing at the beginning of the year the compensation of its five principal officers, adopted at the same time the following resolution: "Further resolved, That the Frederick H. Levey Company, Inc., pay to the chairman of the board, the president, the two vice presidents, and the secretary and treasurer, five officers in all, the amount their salaries caused them to pay a Federal and State income tax for year [the year named was that preceding the passage of the resolution], this as a gift from the company, and not as an extra compensation for services rendered." For the years 1927 and 1928 the corporation in computing its net income did not claim as expenses or deductions the items referred to in the resolution as gifts. Petitioner and the other officers duly received the amounts payable to them under the resolution, and the amount so received by each of the officers was the amount of income tax paid by him to the state and federal governments on the salary received from the corporation. Petitioner has sought a review of the decision of the Board, and the basis of his claim here is that when a corporation, acting through its board of directors and stockholders, declares its intention of making a gift to one of its officers and includes the amount in its own taxable income instead of deducting it as an expense, the payment cannot be construed as compensation, especially where the officer has previously duly received all of the compensation to which he was entitled. The Commissioner, on the other hand, contends that the question is foreclosed by the decision of the Supreme Court in Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918.

In that case the directors of American Woolen Company had adopted the following resolution (see page 719 of 279 U. S., 49 S. Ct. 499, 500): "Voted: That this company pay any and all income taxes, State and Federal, that may hereafter become due and payable upon the salaries of all the officers of the company, including * * * to the end that said persons and officers shall receive their salaries or other compensation in full without deduction on account of income taxes, State or Federal, which taxes are to be paid out of the treasury of this corporation." The Supreme Court held that under this resolution the payment of the tax by the employer was in consideration of services rendered by the employee, was additional compensation, and was taxable to the person receiving it. The difference in that case and this grows solely out of the fact that there the agreement on the part of the company to pay the taxes was made at the beginning of the year and before the services were rendered by the employee, whereas here the agreement to reimburse the employee on account of the payment by him of the taxes on his salary was

after the expiration of the year in which the services were rendered, and, as it is claimed, after the company had fully discharged its obligations to him in the matter of salary or compensation.

In stating that the only difference in the two cases is that just above stated, we have not lost sight of the fact that here the resolution itself characterizes the payment as a gift, but we think this is not conclusive. This we held in Lincoln National Bank v. Burnet, 61 App. D. C. 354, 63 F.(2d) 131.

Petitioner, however, as we have already said, insists that the payments in this case were gifts because when made the corporation owed no compensation to the officers who received them, and he says this follows from the fact that every one concerned treated them as gifts and there is no evidence of any fact negativing the expressed intention of the corporation in this regard.

We are unable to agree that the result petitioner contends for follows. As we have already stated, the quoted resolution was passed each year for seven consecutive years, during all of which time the officer beneficiaries were the same. It is true it was passed at the beginning of the next year and about the time when the federal taxes were payable for the preceding year, but it was confined to officials of the corporation who had rendered services to the corporation for the year in question. If it was not made in recognition of services rendered, it was a misapplication of corporate funds, for obviously the corporation had no interest in giving away the corporate assets. If it was made in the nature of a bonus, it was taxable, for, as we said in Payne v. United States, etc., 50 App. D. C. 219, 269 F. 871, a bonus is not a gift or gratuity but a sum paid for services or upon a consideration in addition to or in excess of that which would ordinarily be given. It is not enough, we think, that the corporation was under no legal duty, to make the payment a gift, and this has been decided many times. Even if it was entirely voluntary, if it was made for services rendered, it is nevertheless compensation under the statute. Old Colony Trust Co. v. Commissioner, supra, page 730 of 279 U. S., 49 S. Ct. 499, 73 L. Ed. 918. In most of the cases in which the question has arisen, the answer has been made to depend on the intention of the parties, and this usually and properly has been said to turn on the attending facts and circumstances. Ordinarily to ascertain the intention with which a thing is done, one looks to the motive impelling it. Here the motive is obvious. The payment was authorized to secure to certain of the corporation's executives the payment of their stipulated salaries undiminished by taxation. That it was voluntary, as we have seen, does not affect its taxability. The test is whether it was in payment of services. Here it was a fixed policy of the company. It was not an isolated transaction confined to a single employee for a single year. Its amount was based on the value to the corporation of that particular officer's services to the corporation, for it was graduated on the salary schedule of the officers concerned. In this aspect it had a direct relationship to the services performed, and, in our view, was no more than a recognition of the obligation of the corporation to make such officers' salaries net to them as fixed and agreed at the commencement of the service. A "gift" is a voluntary transfer of property by one to another without consideration. Noel v. Parrott (C. C. A.) 15 F.(2d) 669. Here there was consideration—indeed, a double consideration, viz., an acknowledgment and reward for services rendered in the preceding year, and a stimulus to continued effort and service in the ensuing year. Upon no other theory could the payments be justified, and it is not necessary nor proper to explore into an unknown field to find some other motive.

Affirmed.

Cases Nos. 5892, 5893, and 5894 involve the same question decided in No. 5891, and are accordingly also affirmed.