## NICKELSBURG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 35.

Circuit Court of Appeals, Second Circuit.

March 14, 1946.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

Julian G. Culver, of New York City (John Schulman, of New York City, of counsel), for appellant.

Sewall Key, Acting Asst. Atty. Gen., and A. F. Prescott and S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

CHASE, Circuit Judge.

The petitioner was during 1940, and since 1923 had been, president and chairman of the boards of directors of both Fur Merchants Warehouse Corporation and its wholly owned subsidiary operating company Fur Merchants Cold Storage Co., Inc., and he is the chief stockholder of the former owning approximately 74% of its stock. As manager of the subsidiary, Cold Storage, he had received a salary of $20,000 per year, but for managing the parent company, Warehouse, he received no compensation except that in 1936 he was paid a bonus of $1,500 which he reported as income and which the company deducted as an expense. The board of directors of Warehouse was composed of four members beside the petitioner, two of whom were stockholders together holding about 12% of Warehouse's stock. On May 15, 1940, at a special meeting of the board, from which the petitioner retired for the time being, it was

"Resolved, that the sum of $7,500.00 be given to Mr. David Nickelsburg as a wedding gift from the corporation which he has headed since 1923 in recognition of the very efficient manner in which he handled the company's affairs throughout all those years. * * *"

The minutes of the meeting show that

"The members felt that a substantial sum of money should be voted to Mr. Nickelsburg as a wedding gift, to be used by him for such purposes as he may desire. The members felt that Mr. Nickelsburg's service for the last seventeen years entitled him to a very handsome reward for the very efficient manner in which he conducted the affairs of the company. * * *"

This amount was paid to the petitioner and the corporation charged it to surplus account. It claimed no deduction for it as an expense. The petitioner reported the receipt of the $7,500 in his return of income for 1940 but only as a non-taxable gift. The Commissioner included it in his gross income on the ground that it was additional compensation for services rendered the Fur Merchants Warehouse Corporation and consequently taxable income. The Tax Court so held and this petition is to review that decision.

The money the petitioner accepted from the corporation which had benefited from his services may have been compensation for such services, and not necessarily a gift, even though it was made voluntarily. Old Colony Trust Co. v. Com'r, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; cf. Com'r v. Wemyss, 324 U.S. 303, 65 S.Ct. 652. If there was a consideration for it, there was no gift. Noel v. Parrott, 4 Cir., 15 F.2d 669; Botchford v. Com'r, 9 Cir., 81 F.2d 914. What are in fact bonus payments by way of additional compensation paid in recognition of some obligation not legally enforceable are taxable as income. Fisher v. Com'r, 2 Cir., 59 F.2d 192.

In each instance where an employer adds something voluntarily to the compensation which is paid to an employee in full discharge of the employer's legal obligation as such the test as to the taxability of the additional amount received is whether under the particular circumstances what was added was by way of more compensation for a deserving employee or merely to satisfy the employer's desire to become a benefactor. Wilkie v. Com'r, 6 Cir., 127 F.2d 953; Thomas v. Com'r, 5 Cir., 135 F.2d 378; see Magill, Taxable Income (Rev. ed. 1945) 393–405; Mertens, Law of Federal Income Taxation (1942) §§ 6.07, 8.08.

The Tax Court found that, "The payment of $7,500 by Fur Merchants Warehouse Corporation to petitioner in the taxable year was not a gift but was additional compensation for services rendered." This finding if supported by the evidence is now controlling. Dobson v. Com'r, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Com'r v. Scottish Am. Inv. Co. Ltd., 323 U.S. 119, 65 S.Ct. 169; Trust u/w Bingham v. Com'r, 325 U.S. 365, 65 S.Ct. 1232; Webre Steib Co., Ltd. v. Com'r, 324 U.S. 164, 173, 65 S.Ct. 578; Thomas v. Com'r, supra. In Bogardus v. Com'r, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32, it was pointed out that the finding therein by the Board of Tax Appeals that the payments were made as additional compensation for services rendered and not as tax free gifts involved a conclusion for which, as a matter of law, the primary facts furnished no support; but we do not understand that case to hold that where there is substantial support in the evidence for the finding by the Tax Court that a payment was made as additional compensation to an employee a reviewing court may set that finding aside and hold that it was a gift as

a matter of law. Here there was ample evidence to support the finding that the $7,500 was additional compensation. The resolution shows that it was "given" to the petitioner in recognition of the very efficient manner in which he had for years "handled the company's affairs." There was other language in the resolution indicating that a gift was being made and the fact that the payment was charged to surplus account and not to expense as one would expect · to find additional salary charged is some evidence in conflict with the Tax Court's finding. But this only shows that the evidence was not all one way.

Affirmed.