MICHAEL LAURIE AND CELIA LAURIE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MICHAEL LAURIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16319, 16320.  Promulgated January 31, 1949.

*Otto J. Rouse, Esq.*, for the petitioners.
*David F. Long, Esq.*, for the respondent.

## OPINION.

KERN, *Judge*: Under the provisions of the Internal Revenue Code, "compensation for personal service" is subject to income tax, whereas "property acquired by gift" is not.[3]  Cases involving the distinction between taxable compensation and tax-free gifts are many, and it has been generally regarded that each case must be decided upon its own facts.  However, certain guiding principles can be distilled from the cases, which are of aid in resolving the issue herein presented, namely, whether the payments of $750 and of $1,500 received in 1943 and 1944, respectively, by petitioner are taxable as compensation, or to be excluded from gross income under section 22 (b) (3).  Two factors are generally emphasized:[4] (1) The intention of the parties, par-

---

[3] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits and income derived from salaries, wages, or compensation for personal service  *  *  *.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

*      *      *      *      *      *      *

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift  *  *  *.

[4] "But generalizations are dangerous, for  *  *  *  the distinction between gifts and compensation is made by weighing a number of factors, most of which have persuasive but not conclusive force.  *  *  *  courts examine  *  *  *  the factual circumstances of the payment, to determine  *  *  *  the actual motive for it."  Magill, Taxable Income (Rev. Ed.), p. 402.

ticularly that of the grantor; and (2) the presence or absence of consideration as that term has come to be defined for these purposes. "* * *. the presence or absence of consideration in the legal sense is not determinative." [5]

More specifically, it has been decided that, even if a payment were called a gift and treated as such by the parties, these factors in themselves would not be controlling, highly important as they might be; for intention must be gathered not only from the language used and bookkeeping entries, but from all the surrounding circumstances. *Charles Schall*, 11 T. C. 111; *Fisher* v. *Commissioner*, 59 Fed. (2d) 192. Furthermore, if services have been performed for the payor directly or for him indirectly, as where he reaps substantial benefits from them, it is ordinarily presumed that the amount received is for the services and is not a gift. *Batterman* v. *Commissioner*, 142 Fed. (2d) 448; certiorari denied, 322 U. S. 756; *Nickelsburg* v. *Commissioner*, 154 Fed. (2d) 70; *Grace* v. *Commissioner*, 166 Fed. (2d) 1022. Such presumption is particularly strong where the employer-employee relationship exists. *Willkie* v. *Commissioner*, 127 Fed. (2d) 953; certiorari denied, 317 U. S. 659; cf. *Bogardus* v. *Commissioner*, 302 U. S. 34. And this is not overcome merely by showing that the payments were not treated as expenses by the payor. *N. H. Van Sicklen, Jr.*, 33 B. T. A. 544; *Thomas* v. *Commissioner*, 135 Fed. (2d) 378.

The fact that the payments may have been voluntary ones, made without legal obligation on the part of the payor, is not of itself sufficient to characterize the receipts as gifts. See, e. g., *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *Noel* v. *Parrott*, 15 Fed. (2d) 699; certiorari denied, 273 U. S. 754. Payments made in recognition of long and faithful service, *George B. Lester*, 19 B. T. A. 549; *N. H. Van Sicklen, Jr.*, *supra*, or in anticipation of future benefits from the services of the payee, *Davis* v. *Commissioner*, 81 Fed. (2d) 137, or for the maintenance of his continuing loyalty as an employee, see *Bogardus* v. *Commissioner*, *supra*, have been generally regarded as taxable compensation and not as tax-free gifts.

The cited authorities seem sufficient answer to petitioners' argument, which is predicated upon the propositions that the payments here were voluntary, were not treated by the payor as business expenses, and were called gifts by him. "The repeated reference to the payment as a 'gift' does not make it one." *N. H. Van Sicklen, Jr.*, *supra*, p. 549; *Levey* v. *Helvering*, 68 Fed. (2d) 401.

The facts, as we glean them from the record, and even viewing them favorably to petitioners, convincingly demonstrate in the light of the established principles that petitioner received taxable income and not gifts in 1943 and 1944. Petitioner, a friend of Jacobshagen, was

[5] *Ibid.*

also an employee of what was, apparently, a family partnership, of which Jacobshagen was the managing partner. Aware that, under the laws in force during 1943 and 1944, employees' salaries could not be raised, Jacobshagen undertook to increase the bonuses paid to petitioner and other key employees, and designated them as personal gifts, as under the law he could not otherwise characterize them. Although their friendship extended over many years, Jacobshagen had never theretofore made any gift to petitioner, and immediately after the relaxation of the salary stabilization requirements he increased petitioner's bonus to a sum equal to the bonus paid in 1944, plus the $1,500 contended to be a gift; and all recognized that such increases in 1945 was additional compensation.

*Decision will be entered for the respondent.*