JESSE S. RINEHART AND EVELYN H. RINEHART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30180.   Promulgated June 26, 1952.

*Thomas L. Dalrymple, Esq.*, and *Donald M. Hawkins, Esq.*, for the petitioners.

*James A. Scott, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioners do not contend that the $4,000 was a gift but claim that it did not represent taxable income since it merely reduced the cost of the house. The petitioner testified that he thought the price of the house was too high and he would not have bought it if he had not been able to obtain the $4,000 from his employer. Suppose he had thought that meat prices in Toledo were too high and his employer had offered to pay 25 per cent of his meat bills until a total of $4,000 had been paid. Could it be successfully maintained that the $4,000 paid for meat was not income? This $4,000 was paid to the petitioner by his employer. It was paid because the employer wanted the services to continue and obviously would not have been paid if the situation had been otherwise. The employer regarded the $4,000 as additional compensation and took a deduction on its return on that basis. It was compensation for services and, as such, was expressly taxable to the recipient under section 22 (a).

The cases which the petitioner cites are distinguishable. The petitioner in *James Brown*, 10 B. T. A. 1036, was not an employee of

674

Bache who paid a part of the amount which went to the seller when Brown acquired some stock, and the amount paid by Bache could not represent compensation to Brown. Eaton, in the case of *Cyrus S. Eaton*, 37 B. T. A. 715, agreed to buy a large block of stock at a price in excess of the market provided the corporation, the stock of which he was purchasing, would give him some other shares. It was held that the total amount which he paid was the purchase price of all of the shares acquired, both from the sellers and the corporation. There is no parallel here. The case of *David A. DeLong*, 43 B. T. A. 1185, does not involve comparable facts. It was held in *Otto Sorg Schairer*, 9 T. C. 549, that an employee did not sustain a loss when his employer compensated him for the difference between basis and amount realized upon the sale of his residence when he moved from one place to another to accommodate his employer. Section 23 (e) does not allow deductions for any losses "compensated for by insurance or otherwise." But here the $4,000 paid to the petitioner was not to compensate him for any loss. He sustained no loss. It was to enable him to buy a house which thereafter belonged to him. The *Schairer* case is not authority for holding that the $4,000 was not income to the petitioner.

*Decision will be entered under Rule 50.*