**HUBERT et ux.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 14731.

United States Court of Appeals, Fifth Circuit.

May 6, 1954.

Robert W. Weinstein and Albert Mintz, Rittenberg, Weinstein & Bronfin, New Orleans, La., for petitioners.

Alonzo W. Watson, Jr., Ellis N. Slack, George F. Lynch, Special Asst. to Atty. Gen., Dept. of Jus., H. Brian Holland, Asst. Atty. Gen., Charles E. Lowery, Special Atty. Bur. Int. Rev., Kenneth W. Gemmill, Act. Chief Counsel, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a decision of the Tax Court sustaining the commissioner's determination of a deficiency in income taxes for the taxable year 1948, presents a single question. This is whether the sum of $1000 received by Leon D. Hubert, Jr. from the Louisiana State Law Institute during the taxable year in question was taxable income within the meaning of Sec. 22(a), I.R.C., or whether it was a gift within the meaning of Sec. 22(b)(3) of the Code, 26 U.S.C.A. § 22(a)(b)(3).

The Tax Court, Arundell, Judge, stating the undisputed facts and, in a clear and brief opinion,[1] setting down the reasons for its conclusion that the quarterly installments of the honorarium were paid to, and received by, Hubert as compensation for personal services rendered, and, therefore, constituted taxable income, rejected petitioner's contention, that they were gifts and specifically excludable under Section 22(b)(3) of the Code.

The taxpayers are here insisting that in determining whether the honorarium was a gift or payment for services, the Tax Court erred: in refusing to consider and accord adequate weight to controlling features[2] of the undisputed evidence; and "in placing great weight on the possibility that Hubert could anticipate the receipt of an honorarium during 1948, merely because he had received honoraria in prior years".

They argue as an additional error the refusal of the Tax Court to permit Hubert to answer the question "If at the end of the year nothing would be given to you by the Institute would you work the following year?"

In support of their view that the payments made were not earnings but gifts, taxpayers rely heavily on statements,[3] of

---

1. 20 T.C. 201.

2. "(a) That the giving by the Louisiana State Law Institute to Mr. Hubert was not a discharge of a legal obligation.

"(b) That there was no contractual obligation on the part of the one giving the money (The Louisiana State Law Institute).

"(c) That the taxpayers did not have the right to enforce the giving of said honorarium and could not collect it by legal process.

"(d) That the intent of the Louisiana State Law Institute was to show good will, esteem, and kindliness toward Mr. Hubert without thought to make requital for his service.

"(e) That the purpose of the honorarium was to give and incite rather than to employ or buy.

"(f) That the assistance by Mr. Hubert was pro bono publico.

"(g) Those people working under Mr. Hubert's authority and supervision were paid far in excess of the amount given to Mr. Hubert.

"(h) That the payor (the Louisiana State Law Institute) did not withhold federal income tax from the honorarium given to Mr. Hubert while it did withhold federal income tax from payments for the employment of research and clerical assistants and the director of the Institute.

"(i) There was no fixed number of hours that the taxpayer, Mr. Hubert, was supposed to or had to work.

"(j) There was no allowance for vacation."

3. J. Denson Smith, the director, said:

"The Louisiana State Law Institute is able to function as a law reform and legal research agency very largely by virtue of the fact that in the main those who do its work act pro bono publico. This

the condition under which the honorarium was paid, made by the director of the Institute, and on the decisions of this court in Schall v. Commissioner, 5 Cir., 174 F.2d 893, 895, and of the Supreme Court in the Bogardus case, (Bogardus v. Commissioner), 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32.

Because the Tax Court has in its opinion set out the facts substantially as they appear of record, we will not restate them here. It will suffice to say that while in setting them out the Tax Court did not quote from the letter of the director on which petitioner relies, this does not at all detract from the force of its opinion, for, as pointed out in commissioner's brief, the letter relied on makes not for but against taxpayer's contention, stating as it does:

> "During the calendar year 1948, there was paid to Mr. Hubert by the Louisiana State Law Institute the sum of $1,083.33. Of this the sum of $1000 was granted by the Institute to Mr. Hubert (taxpayer) as an honorarium for the year 1948, *in recognition of the services performed by him as a Reporter in connection with its work of revising the Louisiana General Statutes.*" (Emphasis supplied)

██ As has been so often declared, in these cases where the question of gift or compensation has been involved, whether a particular payment is the one

or the other may not be determined by any fixed rule but must depend upon the intention of the parties, particularly that of the payor as disclosed by the attending facts and circumstances.[4] We are pointed to no satisfactory reason, we see none, for rejecting the determination of commissioner and Tax Court in favor of the contention of the taxpayer. On the contrary, we are of the clear opinion that the decision appealed from was right and that it should be affirmed.

Affirmed.

---

is certainly true of the members of the Institute Council and from the point of view of the Institute it is also true with respect to its members who serve as reporters. However, in view of the fact that service as a reporter on a project entails considerably more sacrifice than is called for on the part of a member of the Council as such, the Institute adopted the practice of giving special recognition to the reporters. This has taken the form of the granting of honoraria fixed uniformly at $1000 per calendar year. The responsibilities of some reporters may be greater than those of others, the work of some may be considerably more intricate than that of others, and the time required for completion of a particular undertaking may vary with respect to that of others, but differences of this kind are not at all

taken into account because of the Institute's recognition of the fact that if it should be compelled to hire services of the kind in question, expenditures totalling many times the amounts granted as honoraria would be required in every case. This is particularly true with respect to the outstanding work Mr. Hubert rendered as a Reporter of the Institute's Revised Statutes Project."

4. Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Schall v. Commissioner, 5 Cir., 174 F.2d 893; Thomas v. Commissioner, 5 Cir., 135 F.2d 378; Bass v. Hawley, 5 Cir., 62 F.2d 721; Levey v. Helvering, 62 App.D.C. 354, 68 F.2d 401; Fisher v. Commissioner, 2 Cir., 59 F.2d 192.