L. GORDON WALKER AND ELIZABETH E. WALKER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46177. Filed January 20, 1956.

*Charles A. G. Dawe, Esq., Frank W. Hardy, Esq.,* and *William B. McLeod, Esq.,* for the petitioners.

*A. Russell Beazley, Jr., Esq.,* for the respondent.

OPINION.

PIERCE, *Judge:* Whether a payment received from a former employer at or after the termination of the employment is "compensation" subject to income tax under section 22 (a) of the Internal Revenue Code (1939),[1] or a "gift" exempt from income tax under section 22 (b) (3), depends upon the intention with which the payment was made; and this is to be determined from all the facts and surrounding circumstances. *Wallace* v. *Commissioner*, (C. A. 5) 219 F. 2d 855, 857; *Willkie* v. *Commissioner*, (C. A. 6) 127 F. 2d 953, 955, certiorari denied 317 U. S. 659; *Fisher* v. *Commissioner*, (C. A. 2) 59 F. 2d 192, 193; *N. H. Van Sicklen, Jr.*, 33 B. T. A. 544, 547. If the payment was made with the intention of compensating or rewarding the former employee more generously or completely for the services rendered, it is taxable. Section 22 (a) provides specifically that "gross income" includes income derived from "compensation for personal service * * * of whatever kind and in whatever form paid." Even though a payment for services was entirely voluntary, was in addition to the agreed salary, and was made without legal obligation, it is "compensation" subject to income tax in the hands of the recipient, and not an exempt "gift," within the meaning of section 22. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, 730; *Nickelsburg* v. *Commissioner*, (C. A. 2) 154 F. 2d 70; *Fisher* v. *Commissioner*, *supra*; *Leon D. Hubert, Jr.*, 20 T. C. 201, 203, affd. (C. A. 5) 212 F. 2d 516.

Ordinarily if services have been performed for the payor directly, the presumption is that the amount received is for the service and is not a gift. *Michael Laurie*, 12 T. C. 86, 89; *Willkie* v. *Commissioner*, *supra*; *Noel* v. *Parrott*, (C. A. 4) 15 F. 2d 669, 671, certiorari

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, * * *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * * *

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. * * *

denied 273 U. S. 754. Payments made "in appreciation of services rendered" or "in recognition of the value of your past services" have been held to be in the nature of a bonus and to be taxable as additional compensation. *Willkie* v. *Commissioner, supra; Poorman* v. *Commissioner,* (C. A. 9) 131 F. 2d 946, affirming 45 B. T. A. 73.

The fact that the parties may have called the payment a "gift," or on the other hand an "honorarium" or "bonus," is important but not conclusive, for, in the light of all the circumstances, it may be found that the term was loosely or inaccurately used. *Bogardus* v. *Commissioner,* 302 U. S. 34, 43; *Wallace* v. *Commissioner, supra; Nickelsburg* v. *Commissioner, supra.* "The repeated reference to the payment as a gift does not make it one." *N. H. Van Sicklen, Jr., supra,* p. 549; *Michael Laurie, supra.* Where the payment actually has been measured by salary previously paid, or has been charged on the books to operating expense, or has been deducted as an expense on the payor's income tax return, there is strong indication that a gift was not intended. *Levey* v. *Helvering,* 68 F. 2d 401, affirming 26 B. T. A. 889; *Botchford* v. *Commissioner,* 81 F. 2d 914, 916, affirming 29 B. T. A. 656; *Willkie* v. *Commissioner, supra.* See also *Jesse S. Rinehart,* 18 T. C. 672.

Also, if the payment has been made by a corporation and has not been approved as a gift by the stockholders, the assumption is that a gift was not intended. As was said by the Court of Appeals for the Fourth Circuit in *Noel* v. *Parrott, supra:*

It needs neither argument nor citation of authority to establish the proposition that the directors were without authority to give away the corporate assets, and that for them to make to several of their members and other persons a gift of a large sum of money from the corporate assets would be neither "wise" nor "proper", and would amount to an illegal misapplication of corporate funds. We must assume that the directors did not intend such a flagrant violation of their trust.

It is our opinion in the instant case, after giving consideration to all the evidence and applying the foregoing principles, that the payment here in question was intended to be and was paid to Walker as additional "compensation," not as a "gift," within the meaning of section 22 of the Code. Walker had, prior to his resignation, served the Railway Company for more than 4½ years as vice president, attended the meetings of the executive committee, and received recognition through a salary increase for his part in improving the financial condition of the company. After his health had become impaired, the executive committee accepted his resignation, and concurrently therewith authorized the payment to him of $11,000. This sum was equivalent to 6 months' salary, and was so described in instructions

sent to the auditor for issuance of the first check. Although it was called a "gift," the evidence as a whole indicates an intention of the committee to reward him more completely for his services to the company. The suggestion made to the committee was that Walker "merited" some gift from the company "in recognition of his loyalty to the interests of the Company during the period of his incumbency"; and the resolution authorizing the payments characterized them as "a token of appreciation for his loyalty to the best interests of the Company during the period of his employment." One of the members of the committee testified that the amount would not have been approved if Walker had not been employed by the company.

The payments were entered on the books of the Railway Company as operating expense; and, pursuant to two written requests of one of the officers to the auditor, they were charged out on a monthly basis over a 6-month period, in amounts equivalent to the salary which Walker would have received if he had continued to serve during such period. Thereafter the payments were deducted as operating expense on the corporate income tax returns.

There is no evidence that the payments were approved as gifts by the stockholders; and the manner in which they were handled on the books and in the returns indicates that such approval was not given. The mere fact that one of the members of the executive committee was the president of another corporation which held most of the Railway Company's stock, does not warrant a conclusion that there was such stockholder approval.

In *Bogardus* v. *Commissioner, supra,* relied upon by petitioners, the recipients of the payments had never been employees of the payor corporation or of any of its stockholders, and the parties had stipulated that such payments were not made or intended to be made for any services rendered or to be rendered. Other cases cited by petitioners include *Abernethy* v. *Commissioner,* (C. A., D. C.) 211 F. 2d 651; *Kavanagh* v. *Hershman,* (C. A. 6) 210 F. 2d 654; *Mutch* v. *Commissioner,* (C. A. 3) 209 F. 2d 390; and *Schall* v. *Commissioner,* (C. A. 5) 174 F. 2d 893. All of these involved payments to retired ministers or rabbis by grateful congregations, where the personal ties between the recipients and the members of their congregations were particularly close.

We hold that the payment here in question is includible in the gross income of the petitioners for the year 1951.

*Decision will be entered for the respondent.*