OPINION. Pierce, Judge: The contention of petitioners is that the sum of $38,270 paid to Jackson by the Motion Picture Producers Association upon the termination of his employment, was an exempt “gift,” and not taxable income. In support of this position, they assert that the payment was made without legal consideration for the reasons that Jackson had already been amply paid for his services, and had not been employed for any specific term in respect of which additional compensation could be claimed. They submit that the payment must, therefore, have been made by the executive committee of the association through a feeling of pity for Jackson, and should be regarded as a gift. Such position is, in our opinion, without merit. The crucial factor, in determining whether a payment received from a former employer •at or after the termination of employment is a “gift” within the meaning of section 22 (b) (3) of the Code (1939), is the intention with which the payment was made; and such intention must be determined from all facts and surrounding circumstances. Wallace v. Commissioner, (C. A. 5) 219 F. 2d 855, 857; Willkie v. Commissioner, (C. A. 6) 127 F. 2d 953, 955, certiorari denied 317 U. S. 659; Fisher v. Commissioner, (C. A. 2) 59 F. 2d 192, 193; N. H. Van Sicklen, Jr., 33 B. T. A. 544, 547. If the payment was made with the intention of requiting past services or employment more generously or completely, it is taxable. Poorman v. Commissioner, (C. A. 9) 131 F. 2d 946, affirming 45 B. T. A. 73; James H. Anderson, 31 B. T. A. 197, affd. (C. A. 2) 79 F. 2d 979; Robert E. Binger, 22 B. T. A. 111; Willis L. Garey, 16 B. T. A. 274; Arnold J. Mount, 10 B. T. A. 1156. This is true even though the payment was entirely voluntary, was in addition to the agreed salary, and was made without legal obligation. Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 730; Nickelsburg v. Commissioner, (C. A. 2) 154 F. 2d 70; Leon D. Hubert, Jr., 20 T. C. 201, 203, affd. (C. A. 5) 212 F. 2d 516; John F. Beggy, 23 T. C. 736. Also, if the payment was made to compensate the employee for loss of his position, it is taxable. Cf. Chauncey L. Landon, 16 B. T. A. 907; Georgia S. Williams, 36 B. T. A. 974. Likewise, payments made to an employee to compensate him for personal expenses incurred as an incident to accepting the employment, or expected to be incurred in seeking a new position after the employment has terminated, are, in our opinion, income subject to tax. ¡Section 22 (a) of the Internal Revenue Code (1939). provides specifically that “gross income” includes “compensation for personal service * * * of whatever kind and in whatever form paid * * * or gains or profits and income derived from any source whatever.” The ¡Supreme Court has held that such language was used by Congress to exert in this field “the full measure of its taxing power”; and that Court has given “a liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted.” Commissioner v. Glenshaw Glass Co., 348 U. S. 426 (1955). Where the relationship of employer and employee has existed, and services have been performed in the course of such relationship, the presumption is that the amount received is for the services and is not a gift. Michael Laurie, 12 T. C. 86; L. Gordon Walker, 25 T. C. 832. And where the payment has been measured in relation to the salary previously paid, or has been charged by the employer on his books to salary or operating expense, there is a particularly strong indication that a gift was not intended. Levey v. Helvering, (C. A., D. C.) 68 F. 2d 401, affirming 26 B. T. A. 889; Willkie v. Commissioner, supra; Botchford v. Commissioner, (C. A. 9) 81 F. 2d 914, 916, affirming 29 B. T. A. 656; L. Gordon Walker, supra. Also, where the payment has been made by a corporation, and has not been approved as a gift by its stockholders, the presumption is that a gift was not intended; for the general rule is that officers and directors of a corporation áre without authority to give away large sums of money from the corporate assets to private individuals, and it is not to be assumed that they intended a violation of their trust. Noel v. Parrott, (C. A. 4) 15 F. 2d 669, 671, certiorari denied 273 U. S. 754. In the instant case, it is our opinion, after giving consideration to all the evidence and applying the foregoing principles, that the payment here involved was not intended to be a gift, and was taxable income. Such payment obviously was made by reason of the employer-employee relationship. Of the total amount paid, $30,000 was characterized by the executive committee of the association as “an amount equivalent to his current salary for a period of one year”; and, although the reason for the additional amount, of $8,270 is not disclosed by the evidence, it is reasonable to infer from the statement made by Johnston to the executive committee that such amount was intended to compensate Jackson for personal expenses, either incurred prior to the commencement of the employment or expected to be incurred after such employment had terminated. In either event, the payment is taxable as income. Moreover, the payment was conditioned on Jackson’s entering into an agreement, that the employment was immediately terminated, that he would keep confidential any information obtained during the course of the employment, and that he would execute a general release and discharge all claims against the association, its directors and officers. The amount was paid pursuant to Jackson’s request that he be recompensed; and it was charged by the association on its books to salary expense. All these facts give indication of an arm’s-length business arrangement; and they negative the suggestion that a gift was intended. It is not material for income tax purposes whether Jackson’s claim for recompense -was based on moral or legal grounds, or whether he had any valid claim whatever. The determinative factor is that the payment was not made by the association’s executive committee as a benefactor, but rather was -made and treated on the association’s books as additional compensation for past services. Bogardus v. Commissioner, 302 U. S. 34, upon which petitioners principally rely, is distinguishable on its facts. There the recipients of the payments had never been employees of the payor corporation or of any of its stockholders, and the parties had stipulated that such payments were not made or intended to be made for any services rendered or to be rendered. We approve the determinations of the respondent, and hold that the payment here involved constituted “gross income” within the meaning of section 22 (a). Decisions will be entered for the respondent.