Hampton Leedom and Dorothy Leedom v. Commissioner. Hampton Leedom v. Commissioner.
Leedom v. Commissioner
Docket Nos. 55840, 55841.
United States Tax Court
T.C. Memo 1956-224; 1956 Tax Ct. Memo LEXIS 70; 15 T.C.M. (CCH) 1180; T.C.M. (RIA) 56224; September 28, 1956
Hampton Leedom and Dorothy Leedom, Brookhill Farm, R.R. 3, Elkhart, Inc., pro se. Harold H. Hart, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax of the petitioners Hampton Leedom and Dorothy Leedom for the years 1950, 1952 and 1953 in the respective amounts of $557.92, $787.16 and $1,121.70, and against petitioner Hampton Leedom for the years 1949 and 1951 in the respective amounts of $833.80 and $655.38. The proceedings were consolidated and the issues are (1) whether the installment payments of $45,000 received by petitioner Hampton Leedom under a contract of September 13, 1948 constitute amounts received as compensation for past services or as a gift; *71 (2) whether certain "temporary alimony" payments made to Hampton Leedom's first wife are deductible under section 23(u) of the Internal Revenue Code of 1939; and (3) whether payments made by petitioner Hampton Leedom to his divorced wife and claimed as deductions were installment payments in discharge of a lump sum settlement to be paid over a priod of less than 10 years and hence not deductible under section 23(u) of the 1939 Code. Findings of Fact Petitioners Hampton Leedom and Dorothy Leedom are husband and wife and they reside at Brookhill Farm, Rural Route No. 3, Elkhart, Indiana. They filed their joint income tax returns for 1950, 1952, and 1953 with the former collector of internal revenue at Indianapolis and Hampton Leedom filed his individual income tax returns for 1949 and 1951 with the former collector of internal revenue at Indianapolis. On October 13, 1948, petitioner Hampton Leedom's first wife, Maud C. Leedom, commenced an action for divorce against him and 15 days later an order was entered in the divorce action ordering that Hampton Leedom pay $300 a month "temporary alimony." Petitioner Hampton Leedom paid $3,300 temporary alimony in 1949 and $600 temporary *72 alimony in 1950. Judgment of divorce was entered February 9, 1950 and the divorce decree, in fixing a final division of property between the parties, provided one-half of the sums payable to Hampton Leedom under a certain contract, be paid to his wife. This contract provided that Leedom, O'Connor & Noyes Company, a corporation, pay Hampton Leedom $45,000 in installments of $625 a month beginning January 1, 1949, and it recites that Leedom has had upwards of forty (40) years of active association as a stockholder, officer and director of Leedom, O'Connor & Noyes Company and has decided to retire and the parties have "agreed upon a basis for the purchase by the Company of Leedom's stock and the settlement of the relations between the Company in a manner hereinafter provided." The contract then states that "in consideration of the premises and payments hereinafter provided to be made and the mutual covenants hereinafter contained, it is hereby mutually agreed between the Company and Leedom as follows:". Then follow these paragraphs: "1. Concurrently with the execution of this document, Leedom is selling and delivering all of his stock interest in the Company, namely Fifty-three point *73 one three seven (53.137) shares for the sum of Sixteen Thousand Dollars ($16,000.00) cash. Delivery of the certificates evidencing the above number of shares of stock, properly assigned in blank, and payment of said sum of Sixteen Thousand Dollars ($16,000.00) to Leedom, or his order, are hereby mutually acknowledged. "2. Upon the execution of this contract the Company is paying to Leedom the sum of Two Thousand Five Hundred Dollars ($2,500.00) in cash (less withholding tax) as payment in full of salary due Leedom up to and including the date of the execution of this agreement, together with the sum of One Thousand Five Hundred Dollars ($1,500.00) to cover reimbursement to him of a balance of a stockholder's advancement made by him after deducting his overdrafts. "3. The Company hereby agrees to and by this agreement obligates itself to pay to Leedom a Retirement Bonus in recognition of his long and active association as of an officer and director of the Company, the sum of Forty-five Thousand Dollars ($45,000.00). The said amount shall be paid to Leedom, or his order, in installments of Six Hundred Twenty-five Dollars ($625.00) per month, payable in either one or two checks as *74 he may direct, on the first day of each calendar month, beginning January 1, 1949, and continuing thereafter until the full sum of Forty-five Thousand Dollars ($45,000.00) has been so paid. In the event the United States Internal Revenue Department shall require of the Company the withholding of United States Income Taxes on such payments, the Company shall deduct the same and pay it to the United States Treasury Department in the manner required by law." In the succeeding paragraphs Hampton Leedom agreed to publish a retirement statement thanking his former customers and expressing the sincere hope they would continue with his successors and he further agreed not to enter the fire and casualty insurance business in Wisconsin for five years. Leedom, O'Connor & Noyes Company did withhold income taxes on the installment payments made under this contract and the income tax returns here involved show the following entries relative to compensation received from Leedom, O'Connor & Noyes Company and to claimed deductions for amounts paid to Maud C. Leedom: Deductions
Claimed
Compensation
for Amounts
Received from
Paid to Maud
Leedom, O'Con-
C. Leedom
Year
nor & Noyes
as Alimony
1949
$7,500
$3,300
1950
7,500
3,725
1951
7,500
3,750
1952
7,500
3,750
1953
None
None
*75 For a short period Leedom, O'Connor & Noyes Company deducted the withholding tax and gave Hampton Leedom and Maud C. Leedom the balance in equal shares but the divorce court subsequently decreed that under the original decree Maud C. Leedom was entitled to the one-half, or $312.50, out of each monthly installment, and the full withholding tax should be deducted from Hampton Leedom's share and restitution had to be made so ultimately Maud C. Leedom received the full one-half of the $45,000. Hampton Leedom was an officer and stockholder of Leedom, O'Connor & Noyes Company long prior to September 13, 1948. The monthly payments to petitioner Hampton Leedom's former wife are not deductible by petitioners under section 23(u) of the 1939 Internal Revenue Code. The payments to petitioner Hampton Leedom's former wife and claimed as deductions on the 1950, 1951 and 1952 returns were installment payments in discharge of a lump sum settlement to be paid over a period of less than 10 years and are not deductible under section 23(u) of the 1939 Internal Revenue Code. The payments made to petitioner Hampton Leedom under the September 13, 1948 contract were compensation to petitioner Hampton *76 Leedom and not a gift, and, therefore, taxable under section 22(a) of the 1939 Internal Revenue Code. Opinion MULRONEY, Judge: The payments made by petitioner Hampton Leedom under order of the Circuit Court of Milwaukee County, dated October 28, 1948, were payments of temporary alimony before the divorce and hence not deductible under section 23(u) of the 1939 Internal Revenue Code. The cited statute allows as a deduction in the husband's return amounts includible under section 22(k) in the gross income of the wife. The latter section provides for including as a part of the wife's gross income periodic payments "received subsequent to such decree" of divorce. See Richardson v. Commissioner, 234 Fed (2d) 248, affirming Memorandum Opinion of this Court [14 TCM 941, T.C. Memo. 1955-234]. Petitioner Hampton Leedom's payments to his former wife of one-half of the monthly payments provided in the retirement bonus contract were not deductible under section 23(u), Internal Revenue Code of 1939. Such payments would not be includible in the wife's gross estate under section 22(k) because they would not be "periodic payments" as that term is defined in said statute. *77 That statute provides the wife shall include "periodic payments" of alimony in her gross income and then states, in part.. "Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, * * *." The decree gave the wife one-half of the monthly payments provided by the retirement bonus contract as a part of the final division of property and estate of the husband. The retirement bonus contract provided for the payment of $45,000 in monthly installments of $625 a month. This means the principal sum, or $45,000, would be paid in about six years. Under the statute, installment payments of a fixed principal are not periodic payments unless the principal sum "by the terms of the decree * * * may be or is to be paid within a period ending *78 more than 10 years from the date of such decree * * *." The divorce decree of February 9, 1950 gave the wife one-half of the monthly payments due under the contract commencing with the March 1, 1950 payment. The period fixed by the decree and contract when the installment payments would end was less than 10 years from the date of the decree. Respondent was right in disallowing deductions claimed by petitioner Hampton Leedom for the payments made to his former wife of one-half the monthly installments provided for in the retirement bonus contract. The remaining question is whether the amount received under the retirement bonus contract was a gift or was in the nature of compensation for services rendered. Petitioner Hampton Leedom did not include in his income the last $7,500 paid under the retirement bonus contract in 1953 and now contends all the payments received during the years 1949 through 1953 in liquidation of the contract represent a gift rather than compensation. Respondent held such amount received under the contract was compensation and includible in gross income under section 22(a) of the 1939 Code. According to the contract, the entire amount of the retirement bonus *79 was to be paid to Hampton Leedom "in recognition of his long and active association as an officer and director of the Company." The company treated this as a wage account and withheld taxes on payments made in liquidation of the retirement bonus. Petitioner, on his income tax returns for 1949 to 1952, inclusive, treated the amounts received as wages from Leedom, O'Connor & Noyes Company. In Ruth Jackson, 25 T.C. 1106, where, after reviewing a number of prior decisions, we held a similar bonus taxable, we said: "Where the relationship of employer and employee has existed, and services have been performed in the course of such relationship, the presumption is that the amount received is for the services and is not a gift. [Citations]. And where the payment * * * has been charged by the employer on his books to salary or operating expense, there is a particularly strong indication that a gift was not intended. * * *" The question is one of intention but a donative intention is not shown by the mere absence of legal liability to pay additional compensation. L. Gordon Walker, 25 T.C. 832. In the cited case we said: "Even though a payment for services *80 was entirely voluntary, was in addition to the agreed salary, and was made without legal obligation, it is 'compensation' * * *." There are other facts and circumstances which strongly indicate the payment of the retirement bonus was not intended as a gift. The bonus sum to be paid Leedom was a part of the consideration in the contract that called for Leedom's transfer of stock and his agreeing not to enter the fire and casualty insurance business in Wisconsin for five years, and his making the retirement statement. Upon the whole record of all of the facts and circumstances we hold the payment of the retirement bonus was not a gift and was compensation and subject to the income tax. Decision will be entered under Rule 50.