Mose Duberstein and Sylvia Duberstein, Husband and Wife v. Commissioner.
Duberstein v. Commissioner
Docket No. 59877.
United States Tax Court
T.C. Memo 1958-4; 1958 Tax Ct. Memo LEXIS 231; 17 T.C.M. (CCH) 16; T.C.M. (RIA) 58004; January 17, 1958
Sidney G. Kusworm, Sr., Esq., Keith Building, Dayton, Ohio, for the petitioners. James D. Biltz, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1951 in the amount of $2,570.48. The sole issue is whether a Cadillac automobile received by petitioner, Mose Duberstein, from the Mohawk Metal Corporation in 1951 was a gift or constitutes taxable income. Findings of Fact Petitioners are husband and wife, residing at 1429 Bryn Mawr Drive, Dayton, Ohio. Their return *232 for 1951 was filed with the director of internal revenue for the district of Ohio at Cincinnati, Ohio. Petitioner, Mose Duberstein, is the president of Duberstein Metal Company of Dayton, Ohio, which did business with the Mohawk Metal Corporation, hereinafter referred to either as Mohawk or the payor. In the taxable year 1951, at the solicitation of Morris Berman, president of Mohawk, Duberstein furnished certain information which proved helpful to Mohawk in obtaining consumers for certain chemical products it handled. Subsequently thereto, in the year 1951, Duberstein received from Mohawk a Cadillac car of the fair market value of $4,250. Prior to the time Duberstein furnished the information to Mohawk he had not been employed with that corporation. Duberstein had no agreement or understanding that he would be paid for the information which he furnished to Mohawk. Mohawk considered the payment of the Cadillac automobile as in the nature of a "finder's fee," and treated the payment as a business expense and took a deduction therefor for Federal income tax purposes. Mohawk filed form 1099 as required by section 147 of the Internal Revenue Code of 1939 showing the payment of *233 the Cadillac automobile to Duberstein. In determining the deficiency the respondent included the amount of $4,250, representing the fair market value of the Cadillac automobile, in petitioners' gross income for 1951. The amount of $4,250, representing the fair market value of a Cadillac automobile received by petitioner, Mose Duberstein, in 1951, from Mohawk Metal Corporation was not a gift but was a payment made in consideration of services rendered to it by Duberstein. Opinion LEMIRE, Judge: The sole question presented is whether the fair market value of a Cadillac automobile which the Mohawk Metal Corporation delivered to Duberstein in the taxable year 1951 was a gift within the meaning of section 22(b)(3), or constituted compensation for services rendered within the purview of section 22(a) of the Internal Revenue Code of 1939. Petitioner does not contest that the fair market value of the automobile was $4,250. Whether the payment was a gift or taxable income depends upon the intention of the parties, and the intention is to be determined from a consideration of all the facts *234 and surrounding circumstances. Alice M. MacFarlane, 19 T.C. 9; Fisher v. Commissioner, 59 Fed. (2d) 192; J. Gordon Walker, 25 T.C. 832; Ruth Jackson, 25 T.C. 1106. The intention of the donor is of particular importance, although the recipient's understanding of the nature of the payment is relevant. The record is significantly barren of evidence revealing any intention on the part of the payor to make a gift. On the contrary, the testimony of petitioners' accountant reveals facts and circumstances surrounding the payment justifying the reasonable inference that the payor never intended the payment as a gift. Petitioners contend that the payment was made as the result of a close personal relationship that existed between Duberstein and Berman, the president of the payor. The latter, however, was not called as a witness. Petitioners take the position that Duberstein was not an employee of the payor at any time; that at the request of Berman over the telephone he voluntarily and without expectation of a reward, furnished information as to possible consumers of certain products handled by the payor; that such information *235 was given gratuitously, and that he accepted the automobile only because of Berman's insistence that he accept it as a gift. That Duberstein was not an employee of the payor; that he gave the information voluntarily because of the close personal relationship existing between himself and Berman and without expectation of remuneration bears on Duberstein's intent in accepting the automobile. It is not sufficient to establish the donative intent of the payor. A payment may be compensation for services rendered although made voluntarily and without legal obligation on the part of the payor. Leon D. Hubert, Jr., 20 T.C. 201; affd. 212 Fed. (2d) 516; Poorman v. Commissioner, 131 Fed. (2d) 946. The payment was made by a corporation and it entered the payment on its books as a "finder's fee." The corporation not only claimed the amount as a business expense on its Federal income tax return, but filed an information return (form 1099) as required by section 147 of the Internal Revenue Code of 1939, disclosing the payment to Duberstein. Such facts tend *236 to negate any donative intent of the payor. Furthermore, this record is barren of any evidence that the directors or stockholders gave approval to a gift of corporate funds. The lack of such evidence creates an assumtion that no gift was intended. Cf. Alex Silverman, 28 T.C. 1061. The services of Duberstein were solicited by the metal corporation from which it presumably benefited so that the payment may be properly categorized as compensation for personal services. Petitioners advance the argument that since the testimony of Duberstein was uncontradicted, and his credibility was not questioned, the presumption of the correctness of the respondent's determination is overcome and meets petitioners' burden of showing a gift. In the light of the testimony of petitioners' accountant revealing facts tending to negate any donative intent of the payor, the argument is not persuasive. Upon this record, we conclude that petitioners have failed to carry the burden of proving that the automobile was a gift. The only justifiable inference is that the automobile was intended by the payor to be remuneration for services rendered to it by Duberstein. As such it constitutes *237 taxable income in 1951 within the purview of section 22(a), I.R.C. of 1939. Petitioners concede the correctness of the respondent's adjustment relative to the medical deduction claimed. Decision will be entered for the respondent.